## MARY J. ROBBINS *vs.* HYMAN I. ATKINS.

Suffolk.    January 26, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Landlord and Tenant — Negligence — Evidence — Law and Fact.*

An action may be maintained against the owner of a tenement house, having a cellar staircase used in common by all the tenants, for injuries sustained in consequence of the stairs giving way as a tenant was passing over them, the probable cause of which was that a contractor employed by the landlord to deepen the cellar had removed the earth which supported the staircase; and the plaintiff's assent to the question, on cross-examination, " Did not exercise the slightest care ? " does not warrant the conclusion, as matter of law, that he was negligent.

In an action against a landlord for personal injuries sustained by his tenant, while passing over a cellar staircase, in consequence of its collapse, caused by the fact

that a contractor employed by the landlord to deepen the cellar had removed the earth which supported the staircase, no exception lies to the exclusion of the question to the contractor whether the defendant had any control over the contractor's men, the defendant having been permitted to show the facts as to his control.

TORT, for personal injuries occasioned to the plaintiff, who was one of several occupants of a tenement house in Boston owned by the defendant, by the alleged negligence of the latter in allowing a staircase used in common by all the tenants to become defective and dangerous. At the trial, in the Superior Court, before *Gaskill*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*S. H. Tyng*, for the defendant.

*W. A. Morse*, for the plaintiff.

HOLMES, J. This is an action by one of the occupants of an upper story in a house against the landlord, for injuries received in consequence of the cellar stairs giving away as she was passing over them. The cellar staircase was a common passageway, for which the defendant had the usual responsibility of a landlord. The probable cause of the collapse was that a contractor employed to dig down the cellar had removed the earth which supported the staircase. The presiding judge was asked to take the case from the jury, and also to rule that, if the condition of the stairs was due to the work of an independent contractor, or of a person acting without the defendant's authority, the defendant was not liable, all of which he refused, and the defendant excepted. At the close of the charge, the defendant suggested that, while the contract did not provide specifically for work upon the stairs, yet, if the deepening of the cellar required interference with the stairs, then the contract required it. The court accepted the suggestion, and thereupon instructed the jury, in substance, that if the defendant had reasonable cause to believe that the carrying out of the contract would leave the staircase in an unsafe condition, he would be responsible if he failed to use reasonable care.

This last instruction sufficiently points out why it was impossible to give the rulings asked for by the defendant, so far as his conduct was concerned. His responsibility was not limited to cases where he had made the stairs unsafe by his own act, al-

though the intervention of a contractor might not prevent the danger being attributed directly to him, *Woodman* v. *Metropolitan Railroad*, 149 Mass. 335, 340, but he was bound to use reasonable care to keep or to restore safety. The testimony was that he came to the house quite often, and so probably knew, in a general way at least, the state of the work. And whether he did or not, the most natural inference from the contract was that it contemplated just what happened. If so, it was the defendant's duty to see that care was taken to shore up the staircase, or to warn the tenants. *Looney* v. *McLean*, 129 Mass. 33. *Lindsey* v. *Leighton*, 150 Mass. 285.

It is argued that the plaintiff was negligent, and special reliance seems to be placed on the plaintiff's assent to a question on cross-examination, "Did not exercise the slightest care?" But the jury, not the plaintiff, was the judge of that. Moreover, all that the plaintiff meant, it is plain, is that she was not paying particular attention to the stairs, and there was no reason why she should have done so. If her foot had slipped from inattention, the case might have been different. But she had gone over the stairs the evening before without trouble, and she was not called upon to look out for a danger to which she ought not to have been subjected.

An exception was taken to the exclusion of a question to the contractor, whether the defendant had any control over the witness's men. The bill of exceptions states that the defendant was permitted to show the facts as to his control, so that the exclusion was confined to the question of law as to the defendant's legal authority. Strictly, the defendant was not entitled to put the question. So far as his authority was an inference from acts, it was for the jury to draw it, and whether it was given by the written contract was a question of construction for the court.

*Exceptions overruled.*