## ANNIE S. BAXTER *vs.* ANDREW F. GORMLEY.

Middlesex.   January 13, 1904. — June 22, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

### *Bastardy.   Evidence.*

On the trial of a complaint under the bastardy act, the complainant can be asked by her counsel whether the defendant is the father of her child and can answer that he is, this being admissible as an accusation of paternity competent under R. L. c. 82, § 16, to prove constancy in that accusation on the part of the complainant.

BARKER, J.   At the trial of this complaint under the statutes relating to bastardy the complainant was allowed to answer in the affirmative a question put by her counsel whether the defendant was the father of the child.   The question was in these words, " Is he the father of this child?"   The objection to the question was not because it was leading but because it was incompetent.   The defendant now contends that the question was incompetent because a witness can testify to the facts which go to prove a conclusion but not to the conclusion itself, citing *Robbins* v. *Atkins,* 168 Mass. 45, and *O'Donnell* v. *Pollock,* 170 Mass. 441, and further contending that the affirmative answer was not evidence of an accusation under R. L. c. 82, § 16.

In *Robbins* v. *Atkins* the question excluded was a question of law as to the defendant's legal authority.   In *O'Donnell* v. *Pollock,* the questions excluded involved more matter of opinion and judgment than of fact.   The question admitted in the case at bar does not fall very closely within either of these classes. However this may be the question and answer constituted when the answer was given an accusation of paternity, which under R. L. c. 82, § 16, was competent to prove constancy in such accusation on the part of the complainant, and the bill of exceptions does not show that it was not admitted for that purpose. See *Burns* v. *Donoghue,* 185 Mass. 71.

*Exceptions overruled.*

*J. P. Feeney,* for the defendant.
*H. N. Allin,* for the plaintiff.