By the Court.
 

 The plaintiff launched her case upon the allegation that the realty company through its agents was engaged in cementing the areaway, and negligently placed the crushed stone used therefor upon the sidewalk over which she had to pass from her apartment to the street. On that phase of the case she produced no testimony tending to show that such placing was done by any agent or employee of the defendant. It appears, without contradiction, that the realty company had contracted for the work of cementing the areaway with the J. H. Libby Company, who exercised entire control and supervision thereof. The Libby Company was an independent contractor employed to do the work for a lump price, and there is not a particle of evidence sustaining the allegation of the petition that the work was done by the defendant or any of its employees. However,
 
 *578
 
 the petition further alleged that the defendant was negligent in permitting the stones to remain and be on the sidewalk; and, if there be any liability attaching to the defendant, it can arise only from the lack of due care on its part in negligently permitting the stones to remain on the sidewalk, with knowledge, actual or constructive, of their existence, and under such circumstances that a reasonably prudent person would anticipate that an injury might result to its tenant using the .sidewalk.
 

 In this court the plaintiff in error asks for a reversal and final judgment upon the ground that under the evidence, giving the plaintiff every reasonable inference that may be derived therefrom, the trial court should have sustained its motion for a directed verdict on two grounds: (a) That no negligence was shown on the part of the defendant; and (b) that the plaintiff’s own evidence shows that she was guilty of contributory negligence on the occasion of her injury.
 

 That the trial court was in doubt in overruling these motions is disclosed by the following excerpt from the record, in its disposal of the motion for a directed verdict:
 

 “The Court: * * * I think there is a scintilla of evidence here to take this case to the jury. The thing that worries me most about this case is whether or not the testimony of the plaintiff h'erself does not show clearly contributory negligence, but that is a question for the jury that I am going to pass to them, whether the obstructions there were not so obvious that in coming back she should have been prepared for them.”
 

 Should the trial court have sustained the motion for a directed verdict? Had the case been instituted against the Libby Company, which primarily in
 
 *579
 
 duced the injury, which caused the crushed stone to roll upon the sidewalk, and whose employees had • knowledge thereof, a much stronger case of liability would have been presented; but this action was brought against a defendant who had no connection with the work, and who had no actual knowledge that the small stones or pebbles yrere on the walk. The accident to the plaintiff'happened about 12:15 p. m. The Libby Company had been engaged for two weeks or more in excavating and installing a cement driveway in the inner court or areaway connecting the two apartments, in one of which the plaintiff lived. In the process of dumping, particles of dirt and small crushed stones would roll upon the adjacent sidewalk as the operation progressed.
 

 We do not question the rule holding the defendant liable for lack of ordinary care in keeping its sidewalk free from nuisance or obstructions which would reasonably be anticipated as likely to cause danger to a tenant in the use of the owner’s sidewalk. It is not disclosed in the record how long the crushed stone had remained on the sidewalk at the point where the plaintiff stepped upon them. No witness testifies that any employee of the defendant had knowledge thereof. The only claim made is that the janitors in control of the two adjoining- apartments should be held to have had constructive notice of casual conditions that might result from the progress of the work; that they should have known that the installing process would cause these stones to be deposited on the walk. Surely the janitors could not be held to have anticipated that the Libby Company’s employees might be guilty of negligence in failing to remove substances that might cause injury to persons using the walk. According to the plaintiff’s testimony, the stones upon which she
 
 *580
 
 tripped were on the sidewalk only about fifteen minutes — from the time of her departure at noon until her return to her apartment at 12:15 p. m. She testified that they were not on the walk when she previously had left her apartment on the morning of that day at 8 and at 10:30 o’clock. We think there is an entire failure of proof showing actual or constructive knowledge upon the part of the defendant or its employees of the condition of the sidewalk at the place of injury.
 

 In overruling the motion for a directed verdict, the court indicated doubt “whether or not the testimony of the plaintiff herself does not show clearly contributory negligence.” The plaintiff) testified that as she proceeded along the sidewalk she saw pebbles or crushed stone lying thereon, some as small in size as navy beans and some as large as an inch in diameter. These were upon the sidewalk when she left.the apartment, and were there fifteen minutes later when she returned. In that connection she testified:
 

 “ Q. Now, Mrs. Underwood, on this particular day, at noon, when you went out to go shopping, and when you got down onto the walk, did you observe any crushed stone or slag there at that point? A. Yes sir. * * *
 

 “Q. Any of it on the walk? A. It was scattered over the walk. * # *
 

 “Q. And about what would be the dimensions of them? A. Well, about like a bean, larger. * * *
 

 “Q. And went on about your shopping, and after a while, when your shopping was completed, came back home? A. Yes, sir.
 

 “Q. Was the condition with reference to the stone on the walk the same then as when you had gone out?
 

 A. Yes, sir.”
 

 
 *581
 
 The plaintiff testified to the character of the place where she slipped and fell. She saw the stones on the sidewalk; she had actual notice of the situation, that the defendant did not have, and, under the circumstances testified to by her, she assumed the risk of which she now complains; she attempts to relieve herself of her own lack of care by testifying that, upon her return, she had a basket of provisions in one hand and a hand bag in the other. While this may have impaired her efforts to successfully pass over these pebbles or stones, it did not relieve her from the exercise of due care, incumbered as she was with the packages which she carried, especially when she testified that only a few minutes before she obtained full knowledge of the conditions affecting the safety of the walk. The testimony is undisputed that the plaintiff could have safely entered her apartment by the front instead of the rear entrance and thereby have avoided the obstruction. She not only voluntarily passed over a place where the source of danger was plainly visible, but she had actual notice of its attendant risk.
 
 Village of Conneaut
 
 v.
 
 Naef,
 
 54 Ohio St., 529, 44 N. E., 236.
 

 The majority of the court are of the opinion that the trial court erred in refusing to direct a verdict for the defendant as requested. The judgment of the Court of Appeals will be reversed, and, proceeding to render the judgment which the trial court should have rendered, final judgment will be entered in favor of the plaintiff in error.
 

 Judgment reversed, and final judgment for plaintiff in error.
 

 Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.