STEWART *v.* HUFF ET AL.

[No. 15,668.  Filed April 19, 1938.  Rehearing denied
June 29, 1938.]

*J. Burdette Little* and *Wesley T. Wilson,* for appellant.

*Ralph B. Gregg,* for appellees.

LAYMON, C. J.—This is an action by appellant against appellees to recover damages for personal injuries by reason of an accident alleged to have occurred upon the steps of the front entrance to appellees' apartment building.

The complaint was in four paragraphs. The first paragraph, omitting the formal parts, alleges:

"That the defendants are husband and wife and are and were at the time of the occurrence hereinafter alleged and long prior thereto, the owners of the apartment building and premises located at Number 1533 Steele Street, in the city of Indianapolis, Marion County, Indiana; more particularly described as lot numbered two (2), in Huntington's Subdivision of lots numbered 22, 23, and 24, of Milligan's Brook Park Addition, a subdivision of said city; that, during said period of time, said building contained four separate apartments, two on the ground floor thereof and two on the second floor thereof, for the living accommodation of separate families, with separate entrances in the front (west) part thereof, opening upon a common en-

trance, with cement, concrete floor, from which, descending to the street sidewalk elevation, were five common cement, concrete steps and a cement, concrete walk extending to the sidewalk of said street —which said entrance, steps and walk were for the common use of all persons who were lawfully leaving and entering said apartment building, and, on either side of said steps and private walk, for the use of the tenants and members of the families of said building, were common lawns; and that, on, or about May 1, 1932, and long prior thereto, all of said apartments and the greater portion thereof, were let by said defendants, and each of them, to, and occupied by, tenants and families of said tenants, who used, and had the use of, said common entrance, steps and private walk, at all hours of day and night, and said defendants, and each of them, as landlords, had and did, retain the care, maintenance and control of said entrance, steps, walk, and lawns;

"That, on May 1, 1932, and long prior thereto, plaintiff's family of five persons, including herself, by and through her husband and son, were tenants of said defendants, and each of them, and occupied apartment No. One on the north side of the lower floor of said building;—all of which defendants, and each of them, well knew and acquiesced in and to which they, and each of them, consented and agreed;

"That, prior to May 1, 1932, plaintiff was of sound, normal health and performed all the household duties of said apartment and family, including the cooking of the food, washing and ironing, and actively participated in the social life of her community and in the devotions and activities of her church;

"That the surface of the concrete steps, aforesaid, was hard and smooth, and to cause, and to permit, earth and gravel to accumulate, and to remain, thereon, and thereby so obstruct them, rendered them dangerous and unsafe for use by any person and, particularly, for one coming from within *and* leaving said building, by the front way,—all of which defendants, and each of them, by the exercise of due care, should have known, and did know;

"That on, or about, said May 1, and long prior

thereto, defendants, and each of them, kept and maintained supervision of said common entrance, steps and walk, for the purpose of keeping them clear of unsafe accumulations and obstructions,— all of which plaintiff well knew and relied upon,— and, notwithstanding, defendants and each of them, well knowing that many persons, including plaintiff, regularly used said entrance, steps and walk, in leaving and entering said building, in reliance upon defendants, and each of them, keeping said steps clear of obstructions and safe, knowingly and purposely, with a reckless disregard of plaintiff's rights and of her safety, for several days prior to said day, continuing in the early morning thereof and following the occurrence hereinafter alleged, caused, and permitted the improvement and repair of said lawns, and the support thereof, adjacent to and on each *said* of said steps and walk, with earth, gravel, concrete and concrete blocks,—the obvious and natural result of which was to, and did cause earth, hard clods and coarse gravel to accumulate and to remain upon said steps and walk and to obstruct the same and thereby render them dangerous and unsafe, without notice and warning thereof and without guards to prevent persons from attempting to walk upon and to use said steps;

"That, on, or about, said Sunday, May 1, 1932, at approximately 8:30 o'clock in the forenoon, plaintiff left her said apartment in said building, passed out through said common passage way, to reach said street, over said steps and walk, and, as she was in the act of descending said steps, workmen were moving and placing materials near and adjacent thereto, and solely because of the aforesaid acts, and each of them of defendants, and each of them, her feet came into contact with said obstructions and she was thereby, suddenly and violently thrown down and upon said steps, walk and lawn support."

The second, third, and fourth paragraphs of complaint are substantially the same as the first, except that each of said paragraphs charges that the acts complained of were negligently instead of recklessly done. To each paragraph of complaint appellees answered in

general denial. The cause was submitted to the court and jury for trial, resulting in a verdict and judgment in favor of appellees. In due time appellant filed her motion for a new trial, which was overruled, and perfected this appeal. The only error assigned for reversal is the ruling on the motion for a new trial, the grounds of which are substantially as follows: (1) That the verdict is not sustained by sufficient evidence; (2) that the verdict is contrary to law; (3) error in the giving and refusal of certain instructions; and (4) error in the admission of certain evidence.

The evidence as disclosed by the record is voluminous and much of it is conflicting, particularly upon the subject of proximate cause. Since this court will not weigh evidence, no good purpose would be served by setting forth a résumé thereof.

The record discloses that the court gave thirteen instructions upon its own motion, together with three tendered by appellees, and fifteen of thirty-three tendered by appellant.

Complaint is made of the action of the trial court in the giving of each of the instructions upon its own motion, each of the instructions tendered by appellee, and in refusing certain of the instructions tendered by appellant.

Appellant directs our attention to the fact that by leave of court the complaint was amended by the following interlineation: "Severe bruises and sprains of the ligaments, tissues and structure of the hips, lower spine and pelvic area, impairment of the use of the lower limbs, damaged bladder, intense pyhysical and mental pain and anguish." Appellant then points out that the court's Instruction No. 1 attempted to recite the substance of the first paragraph of complaint but omitted the language of the amendment, and thus the instruction was erroneous. The

statement which was added to the complaint by amendment merely gave a more detailed description of the injuries complained of, and since the finding of the jury was in effect a finding in favor of appellees upon the issue of liability, the omission of the amendment in the court's instruction was not harmful.

Appellant insists that her first paragraph of complaint alleged a wilful and intentional injury, and that the trial court failed and refused to instruct the jury what the law was with reference to wilful injuries.

It is a well-established rule that in order to charge a defendant in a complaint with wilful injury, the plaintiff must not only alleged that the injurious act ■ was purposely and intentionally committed, but also that such injurious act was committed with the intent wilfully and purposely to inflict the injury complained of. *Chicago, etc., R. Co.* v. *Hedges* (1886), 105 Ind. 398, 7 N. E. 801; *Gregory, Administrator* v. *The C. C. C. and I. R. Co.* (1887), 112 Ind. 385, 14 N. E. 228; *Pittsburgh, etc., R. Co.* v. *Ferrell* (1907), 39 Ind. App. 515, 78 N. E. 988, 80 N. E. 425; *Southern R. Co.* v. *McNeeley* (1909), 44 Ind. App. 126, 88 N. E. 710, 714.

The complaint does not contain an averment to the effect that the defendant intended wilfully and purposely to inflict the injury complained of and ■ amounts merely to a charge of ordinary negligence. It may further be pointed out that there was no evidence submitted tending to establish that the acts complained of were wilfully and intentionally committed.

Appellant complains of Instruction No. 1 tendered by appellees and given by the court. This instruction informed the jury that if the work being done at the apartment building of appellees, at the time of appellant's injury, was being performed by an independent contractor, and that appellant's injuries sustained were

caused solely by the acts of an independent contractor, appellant could not recover. Appellant asserts that the giving of this instruction was harmful error because the appellees were not relieved of the responsibility, even though the work was performed by an independent contractor. The work which was being done on appellees' premises, at the time appellant sustained her alleged injuries, consisted of the grading and sodding of the lawn and the construction of a cement retaining wall approximately two feet in height along the front lawn, extending on each side of the common walk, steps, and entrance of the apartment building. Evidence was adduced to show that appellees had contracted with one Poole to do and perform this work for the sum of $75, and Poole, in turn, employed other workmen to assist him in the performance of the contract. It was during the time that the contractor and his men were thus engaged that appellant received her injuries, if any.

The general rule, as applicable in the instant case, is that one person is not liable for the acts or negligence of another person, unless the relation of master and servant exists between them; and that where an injury has been done by a party exercising an independent employment, the person employing him will not be liable in damages for injury or death resulting from the wrongful acts or omissions of such party, or of the servants of such party. *City of Logansport* v. *Dick* (1880), 70 Ind. 65; *Scott Constr. Co.* v. *Cobb* (1928), 86 Ind. App. 699, 159 N. E. 763. But as pointed out by this court in the case of *Scott Constr. Co.* v. *Cobb, supra,* there are many exceptions to this rule. It does not, however, apply in the following cases: (1) Where the contract requires the performance of work intrinsically dangerous; (2) where a party is by law or contract charged with a specific duty; (3) where the act will create a nuisance; (4) where the act to be performed

will probably cause injury to others unless due precaution is taken to avoid harm; and (5) where the act to be performed is illegal.

In the case of *Hyman* v. *Barrett* (1918), 224 N. Y. 436, 121 N. E. 271, which was decided by the Court of Appeals of New York, the plaintiff, who was a tenant occupying rooms on the second floor of a tenement house, was injured when about to enter her home by the falling of a board or shelf dislodged by a workman standing on a scaffold at the third floor of the building. The workmen were, at the time, engaged in repair. work. The trial court charged that the defendant, who was the landlord of the tenement house, was liable, though the workmen were in the service of an independent contractor. Judge Cardozo, speaking for the court, said (pp. 437, 438) :

> "We think the charge was error. It makes the landlord's burden heavy beyond precedent. We do not question the rule that a landlord who assumes a contractual duty to a tenant may not escape performance by delegating the duty to another. The rule is illustrated in two cases, *Paltey* v. *Egan*, 200 N. Y. 83, 93 N. E. 267, and *Sciolaro* v. *Asch*, 198 N. Y. 77, 91 N. E. 263, 32 L. R. A. (N. S.) 945, relied on by the court below. In one, the owner, excavating an adjoining lot, pulled down the demised building, and ousted his tenant. That was a breach of his covenant of quiet enjoyment. Moreover, the danger was inherent in the nature of the work. *Weinman* v. *DePalma*, 232 U. S. 571, 34 Sup. Ct. 370, 58 L. Ed. 733. In the other, a landlord, who had agreed to furnish elevator service, remained liable for faulty service supplied by his contractor. But in those and like cases (*O'Rourke* v. *Feist*, 42 App. Div. 136, 59 N. Y. Supp. 157; *Peerless Mfg. Co.* v. *Bagley*, 126 Mich. 225, 85 N. W. 568, 53 L. R. A. 285, 86 Am. St. Rep. 537) the act or omission complained of was a failure to do the very thing contracted for. That is not the situation here. This defendant was under a duty toward his tenant to use reasonable care in keeping the courtyard safe.

If he failed in that duty, he is liable. *Curtis* v. *Kiley*, 153 Mass. 123, 26 N. E. 421; *Robbins* v. *Atkins*, 168 Mass. 45, 46 N. E. 425. But the failure has not been shown. He might have failed of performance by omitting to repair. That is not the charge. He might have failed by creating or suffering a dangerous condition. *O'Rourke* v. *Feist*, *Curtis* v. *Kiley*, *Robbins* v. *Atkins*, *supra*. That he did not do. The place was not unsafe because a contractor was installing pipe. *Boomer* v. *Wilbur*, 176 Mass. 482, 57 N. E. 1004, 53 L. R. A. 172; *Engel* v. *Eureka Club*, 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. Rep. 692. The defendant therefore was not negligent in permitting tenants to cross the courtyard while the work was going on. He did not omit any precaution that ought to have been observed. There was no reason why he should expect that a workman engaged on such a job would throw a shelf out of the window. He did not fail in his duty because of this casual act of a contractor's servant any more than he would have failed if the servant or the child of a tenant had done the same thing. The danger was not inherent in the work contracted to be done. . . . The governing principle is not doubtful. The only difficulty is in applying it to varying conditions. Here the decisive facts are simple. The defendant had no notice of the danger. He had not authorized any work which might reasonably be expected to create the danger. We think he is not liable for the act of a contractor's servant."

See, also, case of *Harmony Realty Co.* v. *Underwood* (1928), 118 Ohio St. 576, 161 N. E. 924.

In the instant case we deem it unnecessary to enter into a discussion of all of the exceptions to the general rule. The work which was being done at the time appellant received her alleged injuries was not of such character as would fall in any one of the above-named exceptions. This work could not reasonably be anticipated as likely to cause injury to a tenant in the use of the steps or entrance way. There was no inherent danger in the work contracted to be

done. We conclude that there was no error in the giving of the instruction.

We have carefully noted the criticisms made by appellant to the other instructions given and those refused. The instructions, when considered in their entirety, were as full and complete as appellant could ask, and in the judgment of the court fairly and correctly stated the law applicable to the evidence and were within the issues tendered. They disclose no reversible error.

Appellant next complains of the admission into evidence of two checks, representing the payment by appellees to the contractor of the contract price. These exhibits were offered in aid of the proof that the work was being done by an independent contractor, which fact was pertinent to the issues involved, and it was not error to admit them in evidence.

Appellant objected to the reading of the deposition of one Doris Peggs, because it was not shown that she was absent from the state on the day of the trial. The record does not sustain this contention. There was a sufficient showing of her absence to permit the reading of the deposition.

We find no reversible error. Judgment affirmed.