## SWITOW v. McDOUGAL.

[No. 22,941. Filed January 13, 1916.]

MASTER AND SERVANT.—*Injury to Servant.*—*Independent Contractor.* —The act of March 6, 1911 (Acts 1911 p. 597, §3862a *et seq.* Burns 1914), relating to dangerous occupations, and designating the precautions to be observed, etc., by all owners, contractors, subcontractors, corporations, agents or persons whatsoever engaged in any pursuit, business or undertaking therein mentioned, etc., does not abrogate the common-law rule exempting the owner from liability for the negligence of an independent contractor; hence the owner of a building is not liable to the employe of an independent contractor for injuries from the breaking of a scaffold provided by the contractor for use in reconstructing the building

From Floyd Circuit Court; *Harry C. Montgomery*, Special Judge.

Action by Herman McDougal, by next friend, against Michael Switow. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*John Read Voigt, George H. Hester, Charles L. Jewett* and *Henry E. Jewett*, for appellant.

*Laurent A. Douglass* and *Samuel G. Wilkinson*, for appellee.

LAIRY, J.—Appellee recovered a judgment against appellant for damages resulting from personal injuries sustained in falling from a scaffold. The facts disclosed by the record show that appellant was the owner of a lot in the city of Jeffersonville upon which was located a building which was being reconstructed and repaired by a contractor named Jacob Turvil under a contract with appellant by the terms of which said Turvil was to furnish all labor and material and complete the work for a stated price. Appellee was employed by the foreman of the contractor to wheel brick and mortar to the workmen engaged in taking down and reconstructing a wall of this building. His work required him to go upon a scaffold provided for the use of the workmen and while he was so on the scaffold it broke causing him to fall and to receive the injuries which form the basis of the judgment.

This action is based upon §4 of an act of the General Assembly approved March 6, 1911, relating to dangerous occupations. Acts 1911 p. 597, §3862d Burns 1914. Section 1 of the act provides that every employer or person managing or conducting any business, or work, or plant in the State of Indiana of the character mentioned in the act, is, for

the purpose of the act, conducting a dangerous occupation at the time of the occurrence and subject to the provisions of the act. Section 4 of the act designates certain precautions which shall be observed and specific acts of care which shall be exercised by all owners, contractors, subcontractors, corporations, agents or persons whatsoever engaged in any pursuit, business or undertaking mentioned, or in the care or operation of any machinery or appliances designated in the act. This statute has been recently construed by this court in the case of *Leet* v. *Block* (1914), 182 Ind. 271, 106 N. E. 373. It was there held that the measure of care specified in the act was imposed by the statute upon the one in charge of or responsible for the work in question whether that be an owner, a contractor, a subcontractor or other person mentioned in the act; and that it was not the legislative purpose to abrogate the common-law rule exempting the owner from liability for the negligence of an independent contractor. *Tamm* v. *Sauset* (1913), 67 Or. 292, 135 Pac. 868; *Lawton* v. *Morgan* (1913), 66 Or. 292, 131 Pac. 314, 134 Pac. 1037; *Gibbons* v. *Chapin* (1909), 147 Ill. App. 575. The trial court evidently adopted a construction of this act which would impose a liability on the owner for the negligence of an independent contractor. This construction is clearly manifested by the instructions given and by the rulings of the court throughout the course of the proceedings.

It could serve no useful purpose to set out and discuss separately the various assignments of error. It is sufficient to say that the erroneous construction of the statute adopted by the trial court resulted in numerous errors prejudicial to appellant. The answers to the interrogatories are clearly inconsistent with the general verdict, showing as

they do that the injuries to appellee resulted from the negligence of an independent contractor engaged in the prosecution of the work over the details of which the owner had no control. From the facts thus shown it appears that there is no liability on the part of appellant.

The judgment is reversed with directions to sustain appellant's motion for judgment in his favor on the answers to interrogatories notwithstanding the general verdict.

NOTE.—Reported in 111 N. E. 3. As to liability of independent contractors under law of master and servant, see 54 Am. St. 91; 76 Am. St. 384. As to the liability of person employing contractor to servant of contractor for injuries caused by collapse of building, see 18 Ann. Cas. 9. · See, also 26 Cyc 1563, 1567.