## SKEEL *v.* PREST-O-LITE COMPANY.

[No. 9,772. Filed February 8, 1918.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—Where appellant's brief, under its points and authorities, challenges the ruling on the demurrer to each paragraph of the complaint and predicates error on this ruling only, all its propositions will be regarded as referring to the error, and the brief is sufficient. p. 637.

2. APPEAL.—*Review.*—*Ruling on Demurrer.*—A ruling on a demurrer to the complaint will not authorize a reversal if the ruling can be upheld on any ground. p. 641.

3. NEGLIGENCE.—*Personal Injuries.—Action. — Complaint. — Sufficiency.*—In an action by a workman against the owner for personal injuries sustained in the collapse of a concrete building in the process of construction, a complaint alleging that defendant company engaged contractors to erect a two-story concrete building of a style known as beam and girder construction, that after obtaining a city permit, it "carelessly, negligently and unlawfully" changed the method of construction to a patented new method, inherently dangerous to the workmen, and prosecuted the work carelessly and negligently, so that as a result thereof plaintiff was injured by the collapse of .the structure, contains each of the elements essential to an action for personal injury predicated on negligence. p. 641.

4. APPEAL.—*Subsequent Appeals.—Law of the Case.*—The decision as to questions presented on a former appeal remain the law of the case through all its subsequent stages, and the effect of this rule cannot be evaded by amendments to the pleadings which do not substantially change the character of the action. p. 641.

5. APPEAL.—*Subsequent Appeals.—Law of the Case.—Scope and Applicability.*—Where, on a former appeal from a judgment for plaintiff in a personal injury case, there was a reversal on the ground that the evidence showed certain facts barring a recovery, but there was no holding that the complaint was insufficient, that decision is not conclusive of the sufficiency of an amended complaint subsequently filed, even though its averments do not differ materially from those of the original complaint. p. 642.

6. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Sufficiency.*—In an action by a workman against the owner for personal injuries sustained in the collapse of a building in process of construction, a complaint alleging that defendant was engaged in the erection of a building which was being constructed by a firm of contractors, which employed plaintiff, and that defendant negligently, carelessly and unlawfully changed the method of construction to one that was new and inherently dangerous, which method was pursued in a negligent manner under the control of defendant, does not show that the contractors were independent contractors so as to rebut liability of defendant for the servant's injuries. pp. 643, 644.

7. MASTER AND SERVANT.—*Injuries to Servant of Independent Contractor.—Liability.*—In an action for personal injuries, even though the complaint showed that the owner engaged an independent contractor to erect a concrete building, the existence of an independent contract was no defense to an action against the owner for injuries to an employe of the contractor, where the method of construction adopted was one that was inherently dangerous. p. 643.

From Marion Superior Court (85,795); *Linn D. Hay,* Judge.

Action by Jonathan B. Skeel against the Prest-O-Lite Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*George W. Galvin,* for appellant.
*John S. Berryhill, Bernard Korbly* and *Willard New,* for appellee.

Hottel, J.—This is a second appeal, a former judgment in appellant's favor having been reversed by the Supreme Court. See *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A 474. Such former judgment was reversed with instructions to the trial court to grant a new trial. After the opinion of the Supreme Court was spread of record below, appellant filed an amended complaint in three paragraphs, to each of which a demurrer for want of facts was sustained. Appellant refused to plead further, and the judgment from which this appeal is prosecuted was rendered. The ruling on said demurrer is assigned as error and relied on for reversal.

It is first insisted by appellee that no question is presented by appellant's brief. Under its points and authorities, appellant challenges the ruling on the demurrer to each paragraph of the complaint, and as this ruling is the only one upon which error is predicated, the briefs are sufficient to require its determination. *American, etc., Tin Plate Co.* v. *Yonan* (1915), 59 Ind. App. 700, 109 N. E. 922; *Richey* v. *Cleveland, etc., R. Co.* (1910), 47 Ind. App. 123, 93 N. E. 1022.

The first paragraph of complaint contains averments substantially as follows: On December 6, 1911, defendant was engaged in the construction of a build-

ing of reinforced concrete. Said building was being constructed by the contracting firm of Wolfe and Ewing, building contractors, at the time in the employ of defendant. By plans and specifications prepared by defendant's architect, employed by it to prepare the .same, said building was to be only two stories high, and of a style known as beam and girder construction; and a permit was obtained from the city of Indianapolis, under its ordinances, for such structure only. Immediately after presenting to the city building inspector such plans and obtaining a permit for the construction of such building, defendant carelessly, negligently and unlawfully, without a permit, changed the method of construction from the beam and girder construction, well known and comparatively safe, to girderless or flat slab construction, a patented new method, inherently dangerous to persons employed thereon, in that it rendered the building liable to collapse in process of construction under the direction and control of those negligently and carelessly placed in charge by defendant, and further such method was wholly experimental with defendant, the architect in its employ, its contractors and all other employes, as defendant well knew. Such girderless construction required testings, footings, columns and spacings adapted to it, different from those adapted to beam and girder construction; and defendant, well knowing said fact, wholly disregarded it and negligently and carelessly entered upon the construction of such building, without plans or specifications for a girderless building, and carelessly and negligently procured and adopted working plans from an iron salesman, and negligently and carelessly and unlawfully appropriated the patents of the patentor on such style of construction, and negligently and carelessly undertook to build said girderless construc-

tion, upon the skeleton or upright parts of the plans and specifications furnished by its architect for beam and girder construction, wholly eliminating the beams and girders specified in said plans. Defendant well knew, or in the exercise of reasonable care could have known, that girderless construction upon the skeleton or upright work for beam and girder construction was unsafe and dangerous, and so knowing, negligently and carelessly ordered and directed the abandonment of the plans and specifications so prepared by its architect, and directed and ordered that the work should be completed in the girderless style without other plans than those so prepared for beam and girder construction. Defendant negligently and carelessly failed to furnish other or different plans for skeleton or support construction, and negligently and carelessly permitted said construction to proceed in an unsafe and dangerous manner without sufficient or safe plans and specifications. About six weeks after the work was begun, and after the supporting, and the concrete slabs of the second floor had been poured and were setting, defendant carelessly and negligently directed its said contractors to add a third story of concrete, of great weight, to said building before completing the same, and negligently and carelessly required its said contractors to complete said building and additional story in an unreasonably short time for the material used, and in cold, wet, wintry weather, when conditions were unfavorable for the setting, hardening and testing of concrete, viz., in fifteen days' time in December, 1911, which could not allow the concrete to sufficiently set and harden or provide tests thereof to ascertain its condition. Said contractors constructed said additional story as negligently and carelessly required and directed by defendant. Said third story was negligently and carelessly

directed to be added by said defendant without any addition to column supports or braces, and without any provisions or sufficient provisions for carrying the load of said third story under the girderless style of construction; defendant negligently and carelessly ordering and procuring the construction of the same within a period and at a time precluding testing, and at a time inimical to safe concrete construction, which was well known to defendant. Defendant thereby carelessly and negligently overloaded said building and the floors and supports thereof, and carelessly and negligently rendered the same unsafe, insecure and liable to collapse, all of which was well known to defendant, or should have been, etc., but unknown to plaintiff, who had no knowledge, etc. Plaintiff, who had been employed by said contractor as a carpenter, was, on December 6, 1911, sent as a carpenter to the roof of said building, the building of which was then in progress, the concrete on said story having been placed and enforced. While plaintiff was engaged at work upon said roof, within the line of his employment, said building collapsed and fell by reason of defendant's negligence aforesaid, and without any negligence on the part of plaintiff, by reason of which plaintiff was thrown from said roof to the ground and severely injured, etc.

The second and third paragraphs each contain substantially all of the averments of the first, and in addition sets out parts of an ordinance of the city of Indianapolis which, it is alleged, was carelessly and negligently violated by appellee in the construction of said building in the particulars and in the manner specifically set out in each of said paragraphs. Our conclusion as to the sufficiency of the first paragraph, however, makes it unnecessary to set out said addi-

tional averments contained in the second and third paragraphs.

We deem it unnecessary to set out the several objections contained in the memorandum filed with appellee's said demurrer, because the ruling on said demurrer will not authorize a reversal if such ruling can be upheld on any ground. *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471; *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108 N. E. 174, 109, N. E. 411.

Each of the elements essential to an action for personal injury predicated on negligence is contained in each of these paragraphs of complaint. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R Co.* (1914), 57 Ind. App. 644, 656, 104 N. E. 866, 106 N. E. 739.

It is claimed by appellee that (we quote from its brief): "Each of the issues suggested by appellant in his brief was determined adversely to his contention in the first appeal and that decision stands as the law of this case, * * * throughout all of its subsequent steps, and the effect of this rule cannot be evaded by amendments to the pleadings which do not substantially change the character of the action."

The correctness of the legal proposition relied on by appellant is substantiated by the cases it cites. *James* v. *Lake Erie, etc., R. Co.* (1897), 148 Ind. 615, 48 N. E. 222; *Lowe* v. *Turpie* (1896), 147 Ind. 652, 44 N. E. 25, 47 N. E. 150, 37 L. R. A. 233; *City of Logansport* v. *Humphrey* (1886), 106 Ind. 146, 6 N. E. 337.

It is also true, as appellee contends, that in the opinion rendered by the Supreme Court, that court held in effect (a) that Wolfe and Ewing were inde-

pendent contractors, and that appellee was not liable for an injury to appellant as their employe while he was at work under their direction; (b) that there was no proof of negligence on the part of appellee which in any way contributed to appellant's injury; (c) that the doctrine of *res ipsa loquitur* will not authorize a recovery against appellee; (d) that the alleged violation of the municipal ordinance concerning building permits, even if negligence *per se*, was not a proximate cause of appellant's injury; and (e) that under all the facts and circumstances shown at the first trial, the court should have sustained appellee's motion for a peremptory instruction.

In this connection it is insisted that "no new facts are alleged in the amended pleading." From the above, it is contended that by the former opinion the Supreme Court has adjudicated and settled as the law of the case that under the facts set out in each of said paragraphs of amended complaint the appellant is not entitled to recover. We have said that the Supreme Court, in effect, held as indicated *supra*, but such holding was predicated on the evidence in the former trial. An examination of that opinion will disclose that the court simply held that the evidence in that trial showed (a) that Wolfe and Ewing were independent contractors; (b) that the evidence failed to show appellee guilty of any negligence, etc.; (c) that under the evidence appellee could not be held liable under the doctrine of *res ipsa loquitor*, etc. There was no holding that the averments of the complaint there involved were insufficient in any of the respects indicated; but, on the contrary, there is an implied holding that the complaint was sufficient but that appellant had failed to prove its averments. This is so because the opinion shows that the sufficiency of the complaint was challenged,

and while its sufficiency is not expressly determined, the granting of a new trial is itself an implied holding to · such effect, there being no leave to amend, and nothing being said in the opinion indicating any necessity therefor. It follows that even if appellee be correct in its contention that the averments of neither paragraph of amended complaint are materially different from those of the original complaint, the effect of the former decision is an implied adjudication of their sufficiency.

Nothing appears from the averments of the first paragraph, set out *supra,* from which this court can say that the relation of independent contractor existed between appellee and the contracting firm of Wolfe and Ewing, by whom appellant was employed. On the contrary, said averments show that appellee directed and controlled not only the results to be obtained in the construction of said building, but also the manner and method of securing such results; that to secure said results it negligently and carelessly pursued methods and proceeded in a manner which it knew to be dangerous. Such averments fall short of showing the relationship of independent contractor between appellee and the contracting firm of Wolfe and Ewing, and hence made a case entirely different from that which the Supreme Court held was made by the evidence in the former trial.

We might add in this connection that, even if it be conceded that the averments of said paragraphs of complaint show that said Wolfe and Ewing were independent contractors, they are, in any event, sufficient to show a cause of action against appellee. *Looney* v. *Prest-O-Lite Co.* (1917), 65 Ind. App. 617, 117 N. E. 678, and cases there cited. Said averments show a state of facts which, under the

case just cited, and the cases therein cited, bring this case within an "exception to the general rule applicable to employes of independent contractors who seek to recover damages for personal injuries from the owners of real estate for whom such contractors have undertaken to erect buildings or other structures."

For the purpose of the ruling on the demurrer, the sufficiency of the paragraphs of the complaint here involved must be determined from the respec

6.  tive averments of each uninfluenced by anything the Supreme Court may have said relative to the sufficiency of the evidence to sustain the averments of the complaint before it on the former appeal.   It is manifest from the averments of the first paragraph, which we have indicated *supra,* that they do not show that said contracting firm of Wolfe and Ewing was an independent contractor, but on the contrary, they show that appellee exercised control over said building and was responsible for the plan, method and manner of procedure; that it knew such plan and manner to be dangerous, and, so knowing, negligently and carelessly directed and required it to be followed, and that such negligent plan, method and manner of construction was the cause of the collapse of said building, and appellant's resulting injury.

As before indicated, the second and third paragraphs contained substantially all the averments of the first paragraph, and hence were likewise sufficient as against demurrer.   The effect of such additional averments would therefore be important only as affecting the question whether such paragraphs tendered any issue that might not have been litigated under the first, and as no such question is presented, we need not indicate any opinion respecting it.

Judgment reversed, with instructions to the trial

court to overrule said demurrer to said paragraph of complaint and for such further proceedings as may be consistent with this opinion.

NOTE.—Reported in 118 N. E. 601. See under (3, 6) 26 Cyc. 1559.