## ZAINEY v. RIEMAN.

[No. 11,680.   Filed February 1, 1924.]

1. MASTER AND SERVANT.—*Independent Contractor.*—*Injury to Servant.*—Where one lets a contract to another to do a particular work reserving to himself no control over the manner in which the work shall be done, except that it shall conform to a particular standard when completed, the latter is an independent contractor, and the former is not liable for any injury which may occur to others by reason of any negligence of the person to whom the contract is let.  p. 77.

2. MASTER AND SERVANT.—*Independent Contractor.*—*Injury to Servant.*—Where the owner of property employed a contractor to do the carpenter work in the construction of a house, the owner furnishing the material and paying the workmen on orders from the contractor, but otherwise exercising no control over the men employed by the contractor to do the work, the latter is an independent contractor, and the owner is not liable for injury to one of such employes resulting from the breaking of a scaffold defectively built by the contractor. p. 77.

3. MASTER AND SERVANT.—*Action for Injuries.*—*Defenses.*—*Independent Contractor.*—*Dangerous Occupation Act.*—In an

action for personal injuries received by a workman employed by the contractor for the construction of a house, the injuries resulting from the breaking of a scaffold erected by the contractor, where the workmen were employed by him, and the owner exercised no control over them except to pay them their wages on the orders of the contractor, the latter is an independent contractor, and §4 of the Dangerous Occupation Act (Acts 1911 p. 597, §3862d Burns 1914) is not applicable. p. 77.

4. MASTER AND SERVANT.—*Independent Contractor.*—*Workmen's Compensation Act.*—Where a servant suffered injuries while working for an independent contractor, the workman could only recover from the contractor's employer under the Workmen's Compensation Act (Acts 1915 p. 392, as amended Acts 1919 p. 158, §8020x Burns' Supp. 1921), and then only in the event that such employer had failed to require the contractor to produce a certificate from the Industrial Board showing that such contractor had complied with §68 of said act.   p. 78.

From Marion Superior Court (A16,563) ; *James E. McDonald,* Special Judge.

Action by David Rieman against Abraham F. Zainey. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*C. E. Fenstermacher,* for appellant.
*Charles A. Messmore,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages resulting from personal injuries.

It is averred in the complaint that on February 16, 1922, appellee was employed by appellant as a workman, a carpenter, in the erection of a certain building in the city of Indianapolis.   It was the duty of appellant to provide a safe and secure place for appellee to work about said building and to provide appellee with a safe and secure scaffold on which he was to work.   During the progress of the erection of the building, appellant caused a certain scaffold to be erected at the side of the building upon which appellee and other workmen were to stand while working upon the building, but wholly

disregarding his duty, appellant caused the scaffold to be erected in a negligent and improper manner and it was unfit for the purposes for which it was constructed. Appellee did not participate in the construction of the scaffold and did not know its weak and unsafe condition, and appellant did know it was unsafe and insecure. On said day appellant was ordered to go upon said scaffold to work, and when thereon, without any fault of his, but owing solely to the carelessness and negligence of appellant, the scaffold broke and appellee was thereby precipitated to the ground below, receiving injuries for which he seeks damages in this action.

There was an answer in denial and a trial by jury which resulted in a verdict in favor of appellee for $4,500. With the verdict, the jury returned answers to certain interrogatories propounded to it. Appellant's motion for judgment *non obstante* was overruled as was also his motion for a new trial. after which this appeal.

Appellant assigns, with other errors, that the court erred in overruling appellant's motion for a new trial, and under this assignment contends that the verdict of the jury is not sustained by sufficient evidence for the reason that it appears that appellee was an employe, not of appellant, but of one Hickman, an independent contractor. Hickman's evidence, stated in narrative form, is as follows: "I did all the carpenter work on the building and then left; I employed and discharged all men under me. Mr. Zainey furnished all the materials but had nothing to do with the work other than the house as completed. There were a few changes made from the original contract for which I got paid extra. Mr. Zainey contracted and paid me the sum of $550 for doing all the carpenter work, out of which I paid my hired help. I employed all my help and had them paid out of the $550. I employed all the carpenters and

fixed their wages and then gave them an order on Mr. Zainey to pay them and deduct the same from my contract price." Later he testified as follows: "I am the same Hickman that testified before in this case. I am the Hickman that did the carpenter work in the building. Before I started to work, I had a verbal contract with Mr. Zainey to do only the carpenter work according to the blue prints furnished for $550. I employed my help and they were paid through Mr. Zainey and, after the house was completed, I had a settlement with Zainey and he paid me the difference between the amount paid out for my help and the contract price. I kept the hours the men worked and turned it in to Mr. Zainey. The work was to be done according to the blue prints, Mr. Zainey made no changes from the blue prints. The only talk I had with Zainey was whether I was doing the work according to the blue prints."

This evidence is corroborated by appellant, and is undisputed by any other evidence. Appellee testified that he himself arranged with Mr. Hickman to go to work at fifty cents per hour. It is undisputed that appellant had nothing to do with the construction of the scaffold, the breaking of which caused the injury, the same being constructed by Hickman or his employes. It is also undisputed that appellant furnished all material for the building. As it seems to us, this case is very similar to the case of *Marion Shoe Co.* v. *Eppley* (1914), 181 Ind. 219, 104 N. E. 65, Ann. Cas. 1916D 220, and in harmony with that case, we are constrained to hold that appellee was not an employe of appellant but was an employe of Hickman who was an independent contractor of appellant. It is well settled that where one lets a contract to another to do a particular work, reserving to himself no control over the manner in which the work shall be done, except that

it shall conform to a particular standard when completed, he is not liable for any injury which may occur to others by reason of any negligence of the person to whom the contract is let, and that §4 of the Dangerous Employment Act, being §3862d Burns 1914, Acts 1911 p. 597, does not deprive an owner of the independent contractor defense. *Marion Shoe Co.* v. *Eppley, supra; Leet* v. *Block* (1914), 182 Ind. 271, 106 N. E. 373, 20 A. L. R. 654; *Switow* v. *McDougal* (1916), 184 Ind. 259, 111 N. E. 3; *Kawneer Mfg. Co.* v. *Kalter* (1918), 187 Ind. 99, 118 N. E. 561; *Bedford Stone, etc., Co.* v. *Hennigar* (1918), 187 Ind. 716, 121 N. E. 277.

It is clear from these authorities and from the uncontradicted evidence as above set out that appellee's action in the superior court, if any he had, was against the independent contractor instead of appellant; such right of action against the contractor in the superior court depending, as to one element thereof, upon whether such contractor had not complied with §68 (Acts 1919 p. 158) of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921. Under the facts in this case, appellee could recover compensation from appellant only before the Industrial Board and there only under §14 of the Workmen's Compensation Act, Acts 1919 p. 158, §8020x Burns' Supp. 1921, in the event that appellant had failed to require his contractor to produce a certificate from the Industrial Board showing that such contractor had complied with said §68 of the act, Acts 1919 p. 158, *supra.*

Judgment reversed, with instructions to grant a new trial.