## BAUER *v.* PLUMBERS' SUPPLY CORP. OF EVANSVILLE.

[No. 20,094. Filed March 30, 1965.]

*John D. Clouse,* of Evansville, for appellant.

*Bamberger, Foreman, Oswald* and *Hahn,* of Evansville, for appellee.

BIERLY, P. J.—This action was commenced by the appellant in the Gibson Circuit Court of Gibson County, Indiana, to recover damages for injuries sustained as a result of a fall while painting a building owned by appellee. At the close of appellant's evidence, the trial court sustained appellee's motion for a directed verdict.

The gravamen of the action was that appellee, a

corporation authorized to do business in the state of Indiana, requested Deig Brothers Construction Company to paint a building occupied by appellee; that appellant was a painter employed by Deig Brothers Construction Company to paint said building; that appellant's injury was due to the negligence of appellee in failing to remove a stack of pipes from the side of the building, which required the appellant to construct an improvised scaffold in order to reach the other portion of the building. Appellee answered in compliance with Rule 1-3 and in paragraph II asserted that appellant was employed by Deig Brothers Construction Company, an independent contractor, and not by appellee; that appellee at no time attempted to exercise or maintain any control or supervision over the details of the work to be performed; and that at no time did appellee undertake to furnish scaffolding or other equipment to appellant or appellant's employer.

The undisputed evidence reflects that appellee, Plumber's Supply Corporation, owns and occupies a building located at the intersection of Pennsylvania and Edgar Streets in the city of Evansville, and appellee corporation is managed by one Raymond Trapp and it is not involved in the painting, construction or contracting business.

Appellant, Albert A. Bauer, was an employee of Deig Brothers Construction Company and worked as a journeyman painter. Deig Brothers was principally in the business of general construction, but, also, maintained a painting department.

Sometime in May or June of 1960, Mr. Deig requested one Wilbur Fehrenbacker, a brother-in-law of the appellant and foreman in the painting department of Deig Brothers, to go with him to help figure

an estimate for painting the building occupied by appellee. Mr. Trapp showed Deig and Fehrenbacker the building to be painted and described the work to be performed. After viewing the building it was determined that a substantial amount of labor would be required because portions of the building would be obstructed and difficult to reach. Along the front of the building there were four or five stacks of heavy soil pipes about six to eight inches from the building. The pipes were four to six inches in diameter and five feet long and stacked four to five feet high. The pipes had a flange on one end and were stacked by laying one row in one direction and the next row in the other direction.

When Deig Brothers commenced work, appellant Bauer was assigned to the job. Appellee furnished all the paint and Deig Brothers furnished all the equipment necessary to complete the job. About one week after appellant started work on the building, Mr. Fehrenbacker returned to the job site to determine the progress of the painting. At this time Fehrenbacker asked Mr. Trapp when he was supposed to move the soil pipes and Mr. Trapp said: "I was supposed to move them but I don't have a man free to move them, but just get it the best you can." There was further a conversation as to two or three loading docks across the front of the building which were constantly used by trucks picking up supplies. Mr. Fehrenbacker suggested that maybe they could rope off one part of the loading dock at a time while painting and Mr. Trapp replied that it would be all right to rope off a part at a time or any other way that would provide a safe place from which to paint.

Appellant testified that he didn't talk to Mr. Trapp about the area above the pipes, but Fehrenbacker told

him to get it the best he could as they weren't going to move the pipes; that the next day appellant requested the yardman, an employee of Deig Brothers, to bring a piece of plywood to lay upon the pipes in order to provide a foundation for his ladder; that appellant placed the plywood upon the pipes and his ladder on the plywood, and had climbed all the way up the ladder when the pipes shifted; and that when the pipes shifted, appellant fell about twenty-six (26) feet and sustained a broken leg.

Appellant testified further that he received all his instructions concerning the progress of the work from the foreman of Deig Brothers; that neither Trapp or the foreman, Fehrenbacker, told him to put the plywood on the pipes; that he thought the flange would hold the pipes together and that it was the best setup he had had on the whole job; that it was his decision as to how to make his setups; that as a journeyman painter he didn't have to be told how to make a setup; and that all the equipment, including ladders and scaffolding, was furnished by Deig Brothers.

Appellant in this appeal argues that the trial court erred in sustaining appellee's motion for a directed verdict at the conclusion of appellant's evidence; that the verdict of the jury is contrary to law; and that the trial court erred in excluding certain evidence offered by appellant.

As to the specifications of error relating to the exclusion of evidence, appellant has failed to cite authority in support thereof and therefore has not presented this court with error. While appellant states that this matter is so evident as to not require citation of authority, nevertheless, it is incumbent upon the appellant to affirmatively show error to this court.

The only remaining issue to be decided is whether there was a genuine issue of material fact as to whether appellant was an employee of appellee. Appellant contends that he was an agent or servant of the appellee and that the Indiana Dangerous Occupations Act of 1911, ch. 236, §4, p. 597, being §20-304, Burns' 1964 Replacement, is applicable and controlling. For purposes of clarity we note that appellant does not contend in the alternative that assuming appellant is an employee of an independent contractor, that appellee is liable under the Indiana Dangerous Occupations Act of 1911. Appellant concedes that this Act is only applicable in this case if appellant is an employee of the appellee.

In *Marion Shoe Co.* v. *Eppley* (1914), 181 Ind. 219, 104 N. E. 65, our Supreme Court held:

"It is well settled that 'where one person lets a contract to another to do a particular work, reserving to himself no control over the manner in which the work shall be performed, except that it shall conform to a particular standard when completed, he is not liable for any injury which may occur to others by reason of any negligence of the person to whom the contract is let.' *Vincennes Water Supply Co.* v. *White* (1890), 124 Ind. 376, 379, 24 N. E. 747, and cases cited.

". . .

"The real test is, Was appellee, at the time he sustained his injury, under the power and control of appellant and subject to its orders and directions in the doing of the work at hand?" See also: *Mid-Continent Petroleum Corp.* v. *Vicars* (1943), 221 Ind. 387, 47 N. E. 2d 972; *Board of Com'rs. of Allen County* v. *Gable* (1944), 115 Ind. App. 102, 57 N. E. 2d 69; *Strickler* v. *Sloan et al., etc.* (1957), 127 Ind. App. 370, 141 N. E. 2d 863; *Allen* v. *Kraft Food Co.* (1948), 118 Ind. App. 467, 471, 76 N. E. 2d 845 (transfer denied); *Ohio Farmers Ins. Co.* v. *Borden* (1951), 122 Ind. App. 45, 98 N. E. 2d 684 (transfer denied); *Daniels* v.

*Terminal Transp. Co., Inc., et al.* (1954), 125 Ind. App. 28, 119 N. E. 2d 554 (transfer denied.)

· Both this court and our Supreme Court have been consistent in enunciating a rule determining the distinction between an independent contractor and an employee. However, we have experienced greater difficulty in applying this rule to a given state of facts. A review of the facts in this particular case will demonstrate the presence of many of the landmarks where the relationship of contractee and independent contractor exists.

Appellee exercised no control over the method of means of painting the building. It gave no directions to appellant or any other employee of Deig Brothers. It did not attempt in any way to control the manner of the painting, give any directions as to the order of painting or in any other way attempt to supervise the work of the appellant. It did not directly pay appellant for his services and there is no showing that appellee had the right, under the evidence, to discharge the appellant without just cause and so terminate the relationship at its pleasure.

When Trapp told Fehrenbacker to paint that portion of the wall above the pipes the best they could, he was merely directing the end result. Appellee did not have the right or power to command this particular act which caused the injury or the manner in which it should be performed.

Appellant testified that no one told him how to make this setup; that it was his decision, and that as a journeyman painter he didn't have to be told how to make a setup.

Applying the facts of this particular case to the law, we hold that appellant was an employee of an inde-

pendent contractor and not of appellee as a matter of law, and that appellant has failed to demonstrate reversible error on a material issue of fact on this point. The trial court quite properly granted appellee's motion for a directed verdict.

Judgment affirmed.

Hunter, Mote, Smith, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 567.