DARRELL HALE ET UX *v.* PEABODY COAL COMPANY ET AL.

[No. 1-175A17.  Filed March 10, 1976.]

*B. Michael McCormick, McCormick, Blumberg & Weber,* of Terre Haute, *William G. Brown,* of Brazil, for appellant.

*Robert S. Ratcliffe, Dix, Patrick, Ratcliffe, & Adamson,* of Terre Haute, for appellees.

ROBERTSON, C.J.—The plaintiff-appellant, Hale, brings this appeal from the trial court's granting of summary judgment in favor of the defendants-appellees, Peabody and Powered.

The sole issue upon appeal is whether summary judgment was properly entered.

We affirm.

The record reveals the following facts: Peabody is engaged in coal mining in Vermillion County at a location known and designated as the Universal Mine. On October 29, 1969, Peabody contracted with Powered to construct certain coal handling facilities at the mine including a conveyor belt system. The system was to consist of a sloping conveyor belt forty-eight inches wide encased with metal siding on all sides, running from ground level to the top of coal storage silos.

On January 9, 1970, Powered subcontracted with Langley-Morgan to do the actual erection and construction at the Universal Mine. Hale was employed by Langley-Morgan and was a member of a three-man crew that was to place and fasten metal panels to the sides of the conveyor belt housing.

On May 28, 1970, Hale, working on a scaffolding, was attaching sheet metal to enclose the conveyor belt when one of the ropes securing an end of the scaffolding came untied. Hale fell twenty-five feet to the ground suffering severe and permanent injuries.

Hale filed suit against Peabody and Powered seeking to recover for his injuries. Peabody and Powered filed a motion for summary judgment attaching thereto affidavits and a memorandum in support of their position that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law. Peabody and Powered asserted that Hale was the employee of an independent contractor, Langley-Morgan, and as such there was no duty running from Peabody and Powered to Hale which could have been breached. Having heard oral argument upon the motion, the trial court found from the pleadings, affidavits and Hale's deposition that neither Peabody or Powered had any supervision or control over Hale's employment, that Hale was not under the power or control of Peabody or Powered and was not subject to their orders or directions in performing his work at the time he was injured, and that neither Peabody nor Powered furnished or had any control over the equipment used by Hale. The trial court concluded that there was no duty running from Peabody and Powered to Hale which could have been breached under the circumstances of this case and entered summary judgment.

Hale brings this appeal contending that summary judgment was improperly granted.

Ind. Rules of Procedure, Trial Rule 56 provides that summary judgment shall be rendered:

". . . if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Upon review of a grant of summary judgment, this court must determine if there is any genuine issue of material fact, and whether the law was correctly applied.

The burden is upon the moving party to establish that no material facts are in genuine issue, *Tapp* v. *Haskins* (1974), 160 Ind. App. 117, 310 N.E.2d 288, and any doubt as to the existence of a genuine issue of a material fact must be resolved against the moving party. *McGinnis* v. *Public Service Co. of Indiana, Inc.* (1974), 161 Ind. App. 1, 313 N.E.2d 708; *Shaw* v. *S. S. Kresge Co.* (1975), 167 Ind. App. 1, 328 N.E.2d 775. Accordingly, for purposes of determining whether to grant the motion, facts set forth in the non-moving party's affidavits are taken as true, and products of discovery are liberally construed in his favor. *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640. Finally, even if the facts are not in dispute, summary judgment is not appropriate when the information before the court reveals a good faith dispute as to the inferences to be drawn from those facts. *Yerkes* v. *Washington Manufacturing Co., Inc.* (1975), 163 Ind. App. 692, 326 N.E.2d 629.

Hale asserts that three issues of fact were presented in this case:

(1) Was Langley-Morgan the servant of Peabody and Powered or an independent contractor?

(2) If Langley-Morgan was an independent contractor, did the information before the trial court establish one of the exceptions to the general rule of non-liability to the servants of an independent contractor?

(3) Did Hale's injuries result from the negligence of Peabody or Powered, independent of any negligence of Langley-Morgan?

Hale first asserts that there was a genuine issue of fact as to whether the relationship between Peabody and Powered was that of master-servant. Hale argues that under the contracts, Peabody and Powered retained sufficient control over Langley-Morgan's work to render them liable for Langley-Morgan's negligence.

In response, Peabody and Powered contend that the contracts did not give them the right to control the manner and means of Langley-Morgan's performance and, thus, they argue that Langley-Morgan was an independent contractor whose negligence may not be imputed to them.

If an employer retains sufficient right to control the work, the relationship of master-servant arises to render the employer vicariously liable for the negligence of the servant under the doctrine of respondeat superior. *State v. Gibbs* (1975), 166 Ind. App. 387, 336 N.E.2d 703; *Gibbs* v. *Miller* (1972), 152 Ind. App. 326, 283 N.E.2d 592.

However, as a general rule, the employer of an independent contractor is not liable for the torts of that contractor. *Marion Shoe Company* v. *Eppley* (1914), 181 Ind. 219, 104 N.E. 65; *Stewart* v. *Huff* (1938), 105 Ind. App. 447, 14 N.E.2d 322; *Bauer* v. *Plumbers' Supply Corp. of Evansville* (1965), 137 Ind. App. 106, 205 N.E.2d 567.

Indiana case law has set forth the degree of control which will cause a person hired for certain work to be designated an independent contractor. As stated in the case of *Prest-O-Lite Company* v. *Skeel* (1914), 182 Ind. 593, 106 N.E. 365:

"It is well settled that where one lets a contract to another to do a particular work, reserving to himself no control over such work except the right to require it to conform to a particular standard when completed, he is not liable for the negligence of the party to whom the contract is

let. An independent contractor is one exercising an independent employment under a contract to do certain work by his own methods, without subjection to the control of his employer except as to the product or result of the work. *When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer, does not render the person contracted with to do the work a servant."* (Emphasis supplied.) 182 Ind. at 597, 106 N.E. at 367. *See also: Marion Shoe Company* v. *Eppley* (1914), 181 Ind. App. 219, 104 N.E. 65.

Hales relies upon several specific provisions of the contracts between the parties in an attempt to establish that a master-servant relationship existed. However, as further stated in *Prest-O-Lite Company* v. *Skeel, supra:*

"The difference between an independent contractor and a mere servant is not to be determined solely by the pretention (sic) of a certain kind or degree of supervision by the employer. *It is to be determined by the contract as a whole,—by its spirit and essence,—and not by the phraseology of the single sentence or paragraph."* (Emphasis added.) 182 Ind. at 598, 106 N.E. at 367. *See also: Jones* v. *Indianapolis Power and Light Co.* (1973), 158 Ind. App. 676, 304 N.E.2d 337.

When viewed as a whole, the contracts between Peabody and Powered and Langley-Morgan are subject to only one reasonable interpretation, that Peabody and Powered retained only a general supervisory control over what was done and not the specific means or manner of performance. Hale failed to present specific facts to show that he was under the power and control of Peabody or Powered at the time he sustained his injuries—a critical fact in the existence of a master-servant relationship. *Marion Shoe Company* v. *Eppley, supra.*

No genuine issue of fact existed as to whether a master-servant relationship existed in this case.

Hale next argues that even if Langley-Morgan was an independent contractor, an issue of fact existed as to whether

Peabody and Powered are liable under certain exceptions to the general rule of non-liability of contractees for injuries to the servants of independent contractors.

The exceptions recognized by Indiana law were enumerated in *Denneau* v. *Indiana and Michigan Electric Company* (1971), 150 Ind. App. 615, 620, 277 N.E.2d 8, 12:

"There are five (5) exceptions to the general rule that a contractee is not liable to an independent contractor's servants for injuries:

(1) Where the contract requires the performance of work intrinsically dangerous;

(2) Where a party is by law or contract charged with the specific duty;

(3) Where the act will create a nuisance;

(4) Where the act to be performed will probably cause injury to others unless due precaution is taken to avoid harm;

(5) Where the act to be performed is illegal."

Hale argues that there was at least an issue of fact as to whether Peabody and Powered could be held liable under exceptions 1, 2 and 4.

He first asserts that Langley-Morgan's contract required the performance of work intrinsically dangerous—the use of scaffolding.

This exception applies if *the contract requires* the performance of work intrinsically dangerous. *Denneau* v. *Indiana and Michigan Electric Company, supra; Stewart* v. *Huff* (1938), 105 Ind. App. 447, 14 N.E.2d 322. In the present case, the contracts called for the construction of a coal conveyor belt, but did not expressly require the use of scaffolding.

Moreover, the use of scaffolding is not "intrinsically dangerous" within the meaning of that term.

"Intrinsic or inherent danger possesses a special meaning in the law. It can not be used to describe circumstances and conditions which are not natural, ever-present components of the instrumentality itself, but are merely dangers arising from casual or collateral negligence of others. *Neal* v. *Home Builders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280; Black's Law Dictionary, P. 921 (West 4th Ed. 1951)" *Jones* v. *Indianapolis Power & Light Co.* (1973), 158 Ind. App. 676, 304 N.E.2d 337, 344.

It was undisputed in the present case that the scaffolding fell because a knot which had been tied by Hale or a fellow employee came untied. No other cause for the accident was offered by either party. Thus, it appears that the danger attending Hale's work on the scaffolding was not a natural, ever-present component of the scaffolding itself but arose only from the casual or collateral negligence of others.

In addition, an instrumentality is not considered intrinsically dangerous if the risk of injury involved in its use can be eliminated or significantly reduced by taking proper precautions. *Denneau* v. *Indiana & Michigan Electric Company, supra.* From a review of this case, we are left with the impression that had proper precautions been taken there would have been little risk of injury involved in the use of the scaffolding.

The "intrinsically dangerous" exception is not applicable to this case.[1]

Hale further argues that Peabody and Powered were charged with a specific duty by law or contract, which if breached would subject them to liability for his injuries under exception 2.

Hale first claims that Peabody and Powered were charged with specific duties under the Dangerous Occupation Act. Ind.

---

1. Furthermore, there is a significant body of case law from other states holding this exception inapplicable to servants of independent contractors. *See: King* v. *Shelby Rural Electric Coop. Corp.* (1974), Ky., 502 S.W.2d 659.

Ann. Stat. § 20-301—20-307 (Burns 1964 Repl.)[2] However, Indiana case law has consistently held that the Dangerous Occupation Act imposes no duty upon one who is not in charge of the work or instrumentality in question. *McGee* v. *Stockton* (1916), 62 Ind. App. 555, 113 N.E. 388; *Zainey* v. *Rieman* (1924), 81 Ind. App. 74, 142 N.E. 397; *Kawneer Manufacturing Company* v. *Kalter* (1918), 187 Ind. 99, 118 N.E. 561; *Bedford Stone & Construction Co.* v. *Hennigar* (1918), 187 Ind. 716, 121 N.E. 277; *Switon* v. *McDougal* (1916), 184 Ind. 259, 111 N.E. 3. This legislation did not affect the common law rule exempting the contractee from liability for the negligence of an independent contractor. *Jones* v. *Indiana Power & Light Co., supra; Leet* v. *Block* (1914), 182 Ind. 271, 106 N.E. 373; *Mackey* v. *Lafayette Loan & Trust Co.* (1919), 70 Ind. App. 59, 121 N.E. 682.

Hale also argues that a specific duty was imposed upon Powered by administrative regulations adopted by the Indiana Department of Labor. Hale refers to the Department's "Construction Industry Safety Code", Burns Administrative Rules and Regulations, §§ 40-2139 L 1 *et seq.*

It has been previously held that these regulations do not apply beyond the basic employer-employee relationship and do not affect the common law rule exempting the contractee from liability to the employees of an independent contractor. *Jones* v. *Indianapolis Power and Light Co., supra.* This result is consistent with the statute authorizing the regulations which reads in part:

> ". . . the commissioner of labor is hereby authorized . . . (a) To . . . adopt rules . . ., *applicable to either employers or employees, or both* . . ." (Emphasis added.) IC 1971, 22-1-1-11, Ind. Ann. Stat. 40-2140 (Burns 1965 Repl.).

Since Powered was not Hale's employer in the present case, the rules and regulations cited by Hale are inapplicable.

---

2. This statute was in effect at the time Hale suffered his injuries, but was repealed in 1971. For present law, see IC 1971, § 22-8-1.1-1 *et seq.* (Burns Code Ed.).

Hale finally argues that the use of scaffolding is such that it "will probably cause injuries to others unless due precaution is taken to avoid harm", and thus, Peabody and Powered are liable under the fourth exception to the general rule of non-liability to the employees of independent contractors.

For reasons expressed below, we do not believe that this exception applies to hold the contractee liable for injuries to servants of an independent contractor, but is intended only for the protection of third persons not employed by the independent contractor.

Hale relies upon *Denneau* v. *Indiana & Michigan Electric Co., supra,* as authority for this exception. That case listed five exceptions to the general rule of non-liability and included therein exception number 4, "where the act to be performed will probably cause injury to others unless due precaution is taken to avoid harm." As the source of those five exceptions, *Denneau* cited *Scott Construction Co.* v. *Cobb* (1928), 86 Ind. App. 699, 159 N.E. 763 and *Stewart* v. *Huff* (1938), 105 Ind. App. 447, 14 N.E.2d 322, in which those exceptions are clearly set forth. However, neither of these cases involved a suit by an employee of an independent contractor against that contractor's employer. In both cases, the plaintiffs seeking to recover against the contractee were third parties with no employment relationship to the independent contractor.

In the case of *Looney* v. *Prest-O-Lite Co.* (1917), 65 Ind. App. 617, 117 N.E. 678, as in the present case, the contractee was sued by the servant of the independent contractor for injuries sustained in a construction accident. In that case the court stated the following:

"Appellant further asserts that the facts of this case bring it under an exception to the general rule applicable to employes of independent contractors who seek to recover damages for personal injuries from the owners of real estate for whom such contractors have undertaken to erect buildings or other structures. Such owners may be held liable to a third person or an employe of such independent contractor in several instances among which are cases where

the *contract requires the performance of work intrinsically or necessarily dangerous,* however skilfully performed. Likewise in cases where the work to be done is in *violation of law or creates a nuisance, or where the injury results, from some affirmative act or negligence of such owner."* (Emphasis added.) (Citations omitted.). 65 Ind. App. at 623, 117 N.E. at 683. *See also: Skeel* v. *Prest-O-Lite Co.* (1918), 66 Ind. App. 635, 118 N.E. 601.

Thus, the scope of the contractee's liability to servants of an independent contractor is not as extensive as his liability to "third persons". Specifically, the contractee is not under a duty to see that precautions are taken to avoid all probable injuries to the contractor's servants arising from the performance of their duties.

There are sound reasons for maintaining this distinction. First, the exception itself states *"injury to others",* which indicates that it was intended to apply only to third persons and not servants actually involved in doing the work which results in the injuries. *Cf. Welker* v. *Kennecott Copper Company* (1965), Ariz., 402 P.2d 330.

Secondly, to apply the exception for the benefit of the contractor's servants would necessarily involve the contractee in the manner and means of the independent contractor's performance. The contractee would be obliged to examine the contractor's work to make certain that all precautions had been taken to prevent probable harm to the servants. Such an obligation is in direct conflict with the basic principle underlying the contractee—independent contractor relationship, *Prest-O-Lite Co.* v. *Skeel, supra,* and the intent of the parties entering into such a contractual relationship. To apply the exception would have the effect of nullifying the general rule of non-liability.

Finally, even when the exception is applied for the benefit of third persons, where strong social reasons support its application, the exception is strictly construed.

"It is apparent that virtual abrogation of the general doctrine of an employer's non-liability for acts of an in-

dependent contractor or the latter's servants would result if the law were to predicate, under all circumstances, the existence of an absolute duty on the employer's part to guard against all accidents, probable as well as improbable, that might happen to the damage of *third persons* while stipulated work is being performed by an independent contractor. If, therefore, recovery is sought on the ground that an employer should have adopted certain precautionary measures for the purpose of preventing the injury complained of, *the action must fail unless the plaintiff can at least show that in view of the nature of the work and the conditions under which it was to be executed, the defendant should have foreseen that the actual catastrophe which occurred was likely to happen if those precautionary measures were omitted.*" (Emphasis added.) 41 Am. Jur.2d, Independent Contractors, § 35.

Peabody and Powered were not liable to Hale under any exception to the general rule of non-liability to the servants of an independent contractor.

Hale's final argument is that there was a genuine issue of fact presented as to whether Peabody or Powered were personally negligent, apart from any independent contractor considerations.

One cannot escape liability for his *own* negligence by employing an independent contractor. *City of Gary* v. *Bontrager Construction Co.* (1943), 113 Ind. App. 151, 47 N.E.2d 182. A contractee has a duty to provide the employees of an independent contractor with a safe place to work, that is, an affirmative duty to exercise ordinary care to keep the property in a reasonably safe condition.[3] *Hoosier Cardinal Corporation* v. *Brizius* (1964), 136 Ind. App. 363, 199 N.E.2d 481. The scope of this duty was clearly defined in *Jones* v. *Indianapolis Power & Light Co., supra:*

"The law of this state is that a party in the position of Ipalco [the contractee] is obligated to take necessary steps

---

3. It should be noted that the duty to provide a safe work place is not the only basis for personal negligence of an owner or general contractor, but is the only one argued in this case.

to prevent injury to an independent contractor's employee only when such injury is reasonably foreseeable in light of the hazardous nature of instrumentalities *maintained by the party on his premises.*" 304 N.E.2d at 344.

The duty does not extend or relate to instrumentalities within the sole control of the independent contractor for the exclusive use of the contractor's employees. *Denneau* v. *Indiana & Michigan Electric Company, supra; Jones* v. *Indianapolis Power & Light Company, supra; Hoosier Cardinal Corporation* v. *Brizius, supra.*

In the present case, Hale's injury was not caused by any condition of the premises or by instrumentalities maintained on the premises by Peabody or Powered. The injury was suffered in a fall from a scaffold owned, erected, and maintained solely by Langley-Morgan, an independent contractor, for the exclusive use of its employees.

There was no issue of fact as to the personal negligence of Peabody or Powered.

Summary judgment was properly granted.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 343 N.E.2d 316.