FOUR WINNS, INC. d/b/a Saf-T-Mate, Inc., and Hawkeye-Security Insurance Company, Appellants (Defendants Below),

v.

The CINCINNATI INSURANCE COMPANY, INC., an Ohio Corporation, Appellee (Plaintiff Below).

No. 3–284A34.

Court of Appeals of Indiana, Third District.

Dec. 13, 1984.

C. Erik Chickendantz, R. George Wright, Fort Wayne, for appellants.

Mark W. Baeverstad, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee.

STATON, Presiding Judge.

A son of Carol and Franklin Gorman was injured when Carol lost control of a ski boat purchased from North Harbor Marine (NHM) and manufactured by Four Winns, Inc. (Four Winns). When the Gormans filed suit against NHM and Four Winns, Four Winns refused to defend and indemnify NHM; NHM was insured by Cincinnati Insurance Company. NHM filed a cross-claim against Four Winns for indemnification and moved for summary judgment. Before the hearing was held on this summary judgment motion, Four Winns settled the principal lawsuit with the Gormans who then dismissed their suit.

Even though the principal suit was dismissed, NHM continued its indemnity suit against Four Winns for attorney fees expended for trial preparation. After Four Winns filed its motion for summary judgment, the trial court found that Four Winns was negligent and that its negligence was the proximate cause of the Gormans's boating accident. It further found that NHM was entitled to indemnification and awarded attorney fees.

Four Winns contends on appeal that the grant of summary judgment to NHM was improper because the trial court premised its judgment upon a finding of fact that Four Winns was negligent and that its negligence was the proximate cause of the boating accident.

Reversed.

 Trial courts grant summary judgments pursuant to Ind.Rules of Procedure, Trial Rule 56, to terminate cases without factual dispute and which may be determined as a matter of law. Although TR. 56 helps expose spurious cases and eliminate undue burdens on litigants, the courts must exercise caution to ensure a party of his right to a fair determination of a genuine issue of fact. Improbability of recovery by one party does not justify summary judgment. *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18, 20.

 Summary judgments result when the court applies the law to undisputed facts. It may consider affidavits, depositions, admissions, interrogatories, and testimony. *Bassett, supra.* In addition, the court must consider as true the facts set forth in the opposition's affidavits and liberally construe the discovery in his favor. *Poxon v. General Motors Acceptance Corp.* (1980), Ind.App., 407 N.E.2d 1181, 1184.

 On review of a grant of summary judgment this Court must determine if there exists any genuine issue of material fact and whether the law was correctly applied. *Hale v. Peabody Coal Co.* (1976), 168 Ind.App. 336, 343 N.E.2d 316, 320. Any doubt about the existence of a genuine

issue of material fact must be resolved against the moving party. Moreover, even if the facts are undisputed, summary judgment is inappropriate when the evidence before the court reveals a good faith dispute as to the inferences to be drawn from those facts. *Id.*

■ Before we address the particular facts of this case, we first address Indiana's law of indemnification. In the absence of an express contractual or statutory obligation to indemnify, the action will lie only where the party seeking indemnity is without fault but has been compelled to pay damages because of the wrongful conduct of another for which he is constructively liable. *Coca-Cola Bottling Co.-Goshen v. Vendo Co.* (1983), Ind.App., 455 N.E.2d 370, 373.

■ There are several requirements which must first be met in a manufacturer/seller relationship before an action for implied indemnity even exists. First, where the indemnity claim is based upon the manufacturer's breach of identical warranties, indemnity will be denied if the seller-claimant breached a duty to inspect the product before a sale and the inspection would have revealed the defect. *Coca-Cola, supra* at 373. Second, indemnity is denied where the seller fails to show that he made no material change or alteration in the condition of the product between the date of acquisition and the date of a sale. *Id.* Third, the seller must have paid or must have been compelled to pay a judgment recovered by the injured person. *Id.* Fourth, it has been stated that if the seller is not liable to the original plaintiff, he has no indemnity claim. *Id.* Fifth, it seems necessary that a manufacturer does not have the automatic responsibility to indemnify a seller of his product for unproven claims of dissatisfied customers. *Maple Chair Co. v. W.S. Badcock Corp.* (1980), Fla.App., 385 So.2d 1036, 1038.

It appears from the record that when Mrs. Gorman was operating the ski boat, her four sons were taking turns at skiing behind it. After one of her sons finished skiing she made a sharp turn to pick him up. During the turn Mrs. Gorman's seat tipped over which caused her to be thrown to the floor of the boat. She lost control of the boat and ran over her son. He suffered extensive leg injuries.

The major focus of the alleged negligence is that the screws holding the operator's seat to the boat floor were not properly secured. The trial court apparently agreed with this allegation. However, the evidence shows that there is some disagreement about how the accident occurred and whether loose screws could have caused the seat to topple. Mr. Winn, the owner of Four Winns, testified that the rate of speed and the angle at which Mrs. Gorman allegedly turned the boat could not have generated enough force to throw to the floor someone seated on an unattached seat. Such a disagreement raises a question of fact inappropriate for determination by summary judgment.

The depositions and interrogatories reveal that after NHM received the ski boat from Four Winns, it conducted a "superficial" inspection of the boat to determine whether it had been damaged in transportation and whether it was equipped with the ordered accessories. It is clear from the record that the tops of the screws holding the operator's seat to the floor of the boat should have been detectible by a reasonable inspection. Whether the tops of the screws could have indicated that the screws were not secure is a question of fact. Thus, it is not clear whether NHM conducted a reasonable inspection before the sale to the Gormans by looking only for scratches and accessories. This too is a question of fact.

■ When applying the law of indemnification to the facts above there are several grounds upon which we could reverse the summary judgment. The predominate ground for reversal is the trial court's determination of Four Winn's liability. Liability is a question of fact. There was no judgment here. Rather, there was a settlement and a dismissal of the principal lawsuit. A settlement is neither a judgment

nor an admission of liability. Therefore, it was error for the trial court to have determined the proximate cause of the accident as a matter of law. Secondly, NHM has never paid nor has been compelled to pay damages to the injured party. Thirdly, different inferences can be drawn from the facts as to whether the accident happened as alleged and whether NHM conducted a reasonable inspection. Therefore, before indemnity will lie in this case a trier of fact must determine whether Four Winns is liable for the accident and whether NHM conducted a reasonable inspection of the boat.

Reversed.

GARRARD, J., concurs.

HOFFMAN, J., concurs in result.