GRANTHAM ET AL. v. HOGLEN

[No. 10,154.   Filed December 19, 1919.]

1. BILLS AND NOTES.—*Promissory Note.—Oral Agreement as to Time of Payment.—Validity.*—Where purchase money notes secured by mortgage were payable at a specified date, an alleged oral agreement between the maker and payee at the time of delivery that the notes were not to become due and payable until certain sand had been removed from the mortgaged premises, was of no legal effect, since all oral stipulations between the parties, either preceding or accompanying the giving of the notes, are deemed merged therein. p. 26.

2. BILLS AND NOTES.—*Promissory Notes.—Action.—Evidence.—Correspondence Regarding Cancellation of Contract.—Admissibility.*—In an assignee's action on notes to foreclose a mortgage, corre

spondence between the payee and a company to which he had agreed to sell certain sand on the mortgaged premises preliminary to a cancellation of the contract relating to the removal of the sand was admissible in evidence, where defendant makers had knowledge of the contract when they received a warranty deed from the payee, and joined with him in releasing such contract. p. 28.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by Minne M. Hoglen against Joseph P. Grantham and others. From a judgment for plaintiff, the defendants in part appeal. *Affirmed.*

*Sheehan & Lyddick,* for appellants.
*D. E. Kelley* and *T. P. Galvin,* for appellees.

ENLOE, J.—This was an action by appellee Minnie M. Hoglen, brought in the Lake Circuit Court, against the appellants and others, wherein she asked for judgment against the appellants Grantham and Lyddick, upon two certain promissory notes executed by said named appellants to one George W. Hoglen and assigned to said appellee, and for the foreclosure of a mortgage upon certain real estate in said county, which mortgage had been given to secure the payment of said two notes.

The venue of the cause was changed to Porter county, where a trial was had before the court, resulting in a finding for appellee Hoglen, and judgment in her favor against said named appellants in the sum of $3,725.54 and costs, and for the foreclosure of said mortgage.

To the complaint of said appellee, said named appellants first filed answer in abatement, to which a demurrer was sustained by the court. Thereafter said appellee filed a supplemental complaint, covering taxes paid by her on said property since the commencement of the suit.

To the complaint, appellees answered in four paragraphs, viz.: (1) General denial; (2) payment; (3) want of consideration; (4) failure of consideration. To the three affirmative paragraphs, the named appellee replied in two paragraphs, viz.: (1) General denial; (2) estoppel.

The errors assigned require a consideration of the action of the court in sustaining the demurrer to the answer in abatement, and in overruling the motion of appellants for a new trial.

The two notes in suit were each dated August 22, 1910, and were by their terms payable respectively on or before September 1, 1911, and September 1, 1912. The complaint thereon and for foreclosure of said mortgage was filed September 10, 1913, so that said notes were each, by their terms, severally due at time suit was commenced.

The answer in abatement alleged that at the time of the bringing of said suit said notes were not *in fact due* because, as alleged, "that at the time of the delivery of said notes and mortgage there was an agreement between the mortgagors and mortgagee that said notes and mortgage were not to become due and payable until enough sand had been sold and removed from the real estate described in said mortgage to pay the same," etc. Such an agreement could have no legal force and effect, as all oral stipulations between the parties, either preceding or accompanying the transaction of the giving of the note, must be regarded as merged in the contract—the notes in suit. *Woodall* v. *Greater* (1875), 51 Ind. 539. The said answer also attempts to allege extension of time of payment of said notes by an agreement subsequent to the execution thereof,

but the matters thus attempted to be pleaded, as pleaded, do not show the making or existence of any valid contract for the extension of time to pay said notes. The demurrer to said answer was rightfully sustained.

Appellants next insist that the court erred in overruling their motion for a new trial.

In said motion appellants assigned that the court erred in admitting certain exhibits, designated as plaintiffs' exhibits 7, 10 and 13.

It appears from this record that in 1902 one George W. Hoglen was the owner of the land described in the mortgage in this case; that said lands are, and were at that time, covered with ''sand dunes''; that on August 14, 1902, a contract had been entered into between said George W. Hoglen and others of one part, and the Krug Sand Company, a corporation organized under the laws of the State of Illinois, of the other part, whereby the said sand company was to remove the surplus sand from said lands and pay said Hoglen for sand so removed at the rate of twenty-five cents per car of twenty-five tons. The sand company also had agreed in said contract to begin the removal of said sand in 1903, and to remove not less than 1,000 carloads per annum. Said lease, unless sooner terminated as therein provided for, was to cover a period of ten years.

It further appears that on August 22, 1910, said George W. Hoglen sold and conveyed by warranty deed, his wife joining therein, the lands in question to the appellants Grantham and Lyddick, and that the notes in suit are unpaid purchase-money notes given for said lands. It further appears that while the deed so executed does not mention the fact of said

sand lease, yet its existence was known to all parties, and said sale was in fact made with full knowledge by the grantees of its existence and terms.

It further appears that in December, 1910, an agreement was entered into by and between the Krug Sand Company of one part, and the appellants, Lyddick and Grantham, and said George W. Hoglen, of the other part, which contract recited that it was entered into for the purpose of surrendering, canceling and annulling said sand lease, and the same was thereby surrendered, canceled and annulled.

It further appears from this record that the three exhibits to which objection is made were letters—two written by Hoglen and one by Krug Sand Company—exchanged between the parties to said release of said sand lease, and were preliminary statements of the parties of their several contentions and understandings as to the rights and liabilities under said sand lease. The procuring of said settlement, and the execution of said release, appear from the record to have been the joint undertaking of appellants and said Hoglen; each was the agent of the others in the matter then in hand, and the court did not err in admitting said evidence.

There is ample evidence in the record to sustain the finding and judgment of the court. No error has been presented, and the judgment is therefore affirmed.

McMahan, J., not participating.