[Civ. No. 4881. Third Appellate District.—September 30, 1933.]

FRANK A. FOSTER et al., Appellants, v. LESLEY J. STEWART et al., Respondents.

Victor L. Bentson for Appellants.

Willis O. Tyler, Charles G. Young, Golden & Kaufman, Shapiro & Shapiro, Loeb, Walker & Loeb, Ralph H. Spotts, Fred W. Mears, Arch H. Vernon, Earl E. Johnson, Horace S. Wilson, L. A. Gibbons and H. Y. Romayne for Respondents.

PLUMMER, J.—In this action the plaintiffs sought an injunction restraining and prohibiting the defendants (members of a colored race), from leasing, renting or occupying certain lots of land described in the complaint. Judgment went in favor of the defendants, and the plaintiffs appeal.

The record shows that the tract of land involved in this proceeding embraces 199 separate lots. The court found that 62 of the owners of the lots described in the plaintiffs' complaint did not sign the agreement; that 18 of the signers did not own the lots set opposite their names in the complaint and alleged to be the owners thereof; that as to 5 of the lots, which apparently were owned by tenants in common, the agreement was not signed by all of the owners of the respective lots. The agreement contains no provision for forfeiture or penalty, and if otherwise valid, could only be enforced by a prohibitory injunction. No time is specified in the agreement for its duration, as appears by the following paragraph contained therein: "That we and each of us, the undersigned, the owners of the said several parcels of land, will not permit the said property, or any part thereof, to be leased to, or rented to, nor shall the same ever be used or occupied by any person of either the Negro, African or Asiatic race, or any person not of the White or Caucasian race, whether by the owner, tenant or

any other person, except, however, that these covenants and conditions shall not prevent the employment on the said property of Negro, African or Asiatic servants.''

The map introduced in evidence showing the lots and blocks described in the complaint reveals that the lots owned by the signers to the agreement are widely separated, do not constitute a solid mass, and are interspersed by a number of lots owned by persons not signing the agreement.

The court found from the testimony introduced, and also in the construction of the agreement, that it was not intended to have any force or effect until it had been signed by all of the property owners, which brings the case directly within the ruling had in *Oberwise* v. *Poulos et al.*, 124 Cal. App. 247 [12 Pac. (2d) 156], to the effect that an agreement worded in the same language could not be given effect if otherwise valid, until all of the property owners (140 in that case), had signed the agreement. It was also further held that one joint tenant or tenant in common could not bind his cotenant by any such contract. It was held in that case that the purpose was obvious, which is likewise obvious in the instant case, to secure the lots of land in the tract against occupancy by persons other than of the Caucasian race. Here, if the agreement were given effect, a property owner would be restrained from leasing, renting or conveying his lot of land to any but a member of the Caucasian race, while adjoining him would be a lot that could be conveyed without any limitations whatever. This, of course, shows that no equitable principles exist upon which to base a decree prohibiting a lot owner from renting or conveying his lot to one other than of the Caucasian race while the owners of lots on both sides are left free to lease, rent or to convey to whomsoever they please.

Another ground exists upon which the judgment of the trial court must be sustained, to wit: The agreement is void as being against the provisions of sections 711 and 715 of the Code of Civil Procedure prohibiting an unlimited restraint of alienation. While a restraint of occupancy for a limited time has been held valid, in a number of cases an unlimited restraint of alienation, as appears to be the intent of the agreement involved in this action, has been held invalid. We may say the question is definitely settled

in this state in the case of *Title Guarantee & Trust Co.* v. *Garrott,* 42 Cal. App. 152 [183 Pac. 470]. See, also, *DuRoss* v. *Trainor,* 122 Cal. App. 732 [10 Pac. (2d) 763].

The condition of the agreement which we have quoted is so worded that there can be no segregation of the reasons or inducements for the signing thereof by the respective lot owners. Under these circumstances the whole condition upon which the agreement purports to be based must be held invalid. Other reasons might be assigned, but the foregoing are sufficient to show that the judgment of the trial court must be, and the same is, hereby affirmed.

Thompson, J., and Pullen, P. J., concurred.