John H. ELLIS, Jr., Lois J. Ellis, Jerry D. Burdette, Anna M. Burdette, James E. Luttrell, Edith L. Luttrell, Cleo Dennis, Maxine Dennis, Michael G. Kormelink, Carolyn S. Kormelink, Robert L. Burgdorf, Rose B. Winstead Massingham, Raymond G. Massingham, Kenneth B. Leimgruber, Dorothy A. Leimgruber, Albert R. Nevill, Janice L. Nevill, Eugene O. Gross, Wilma J. Gross, Anna F. Lipper, Helen C. Brothers, Defendants-Appellants,

v.

GEORGE RYAN COMPANY, INC., Edward W. Pfeffer and Charlene R. Pfeffer, Plaintiffs-Appellees.

No. 1–381A70.

Court of Appeals of Indiana, First District.

July 30, 1981.

Rehearing Denied Sept. 3, 1981.

Jack N. Vanstone, Vanstone & Krochta, Evansville, for defendants-appellants.

Edward W. Johnson, Johnson, Carroll & Griffith, Evansville, for plaintiffs-appellees.

ROBERTSON, Judge.

John H. Ellis, Jr. (Ellis) and other property owners, who were successors in interest to a restrictive covenant, appeal the judgment rendered in favor of the George Ryan Company, Inc., (Ryan). The trial court held that the covenant was void as a matter of law because it was not signed by all of the property owners and that there had been a waiver or acquiescence of the enforcement of the restrictions.

We affirm.

Ryan sought a declaratory judgment to determine the validity of the covenant. The covenant prohibited dwellings of certain sizes, lot sizes, retail or wholesale businesses, placement of buildings, sales to non-caucasians, the use of outbuildings or trailers for residences, and allowed only the building of single family dwellings. Ryan intends to build a six story condominium on its property.

The covenant was signed in 1940 by six of the eight property owners along Baker Avenue in Evansville. Ryan's predecessor in interest signed the covenant. At trial, Ryan introduced evidence that the covenant had been violated and that the violations were continuing. The violations consisted of the occasional use of a motor home for a residence, the building of an additional house on one lot, the use of a house as an office, the building of a doghouse and garages, the construction of various outbuildings, church meetings being held at a residence, and the use of chicken houses.

Ellis alleges that the trial court erred by holding the covenant was void because it was not signed by all parties, by considering rezoning and annexation by the city of Evansville, by failing to find that the character of the neighborhood had not changed, by failing to find that Ryan had accepted its land with knowledge of the provisions of the covenant, and by holding that Ellis had acquiesced to the prior violations and waived the right to enforce the restrictions.

The trial court's decision was based on two independent grounds: that the covenant was void because not all of the original property owners had signed it and secondly, that Ellis and the other property owners had waived their right to enforce the provisions because of the repeated violations. The trial court agreed with Ellis that the character of the neighborhood was unchanged and did not find the covenant unenforceable because of the change of conditions. The trial court's decision was not based upon a change in zoning classification or annexation. We need not review these issues because the judgment was not based on these alleged errors.

The trial court found that the covenant was void because not all of the people who purported to join in the covenant signed it and that the agreement was not legally enforceable until all of the property owners signed it. Ellis argues that the covenant should still be enforceable against Ryan because Ryan's predecessor in interest signed the covenant. We recently stated:

> In the absence of a showing that a contract is not to be deemed complete unless signed by all parties, the parties signing *may* be bound though others have not signed. (Emphasis added.)

*Curtis v. Hannah*, (1981) Ind.App., 414 N.E.2d 962, 963. To decide whether the signing parties are bound, it is necessary to determine the intent of the parties. *Curtis v. Hannah, supra.* After examining the covenant, we remain unpersuaded that the trial court erred in its determination. The language of the covenant describes both the property and owners involved, and speaks in terms of "all parties hereto". The covenant was not signed by all parties and was not legally enforceable. *See, Foster v.*

*Stewart,* (1933) 134 Cal.App. 482, 25 P.2d 497. Moreover, any ambiguity about the covenant's validity has been resolved by the conduct of the parties which disclosed that the parties did not comply with the covenant's provisions.

 Ellis argues that the trial court erred in holding that the right to enforce the covenant had been waived or that Ellis had acquiesced this right. The right to enforce building restrictions may be lost by laches or acquiescence to prior violations. The force of the underlying equitable principles depends on the factual circumstances. *Austin v. Darbin,* (1974) 160 Ind.App. 180, 310 N.E.2d 893. Ryan presented evidence establishing violations for almost forty years. We find no error in the trial court's determination that a party who has not acted against a continuous history of noncompliance has either acquiesced to the violations or waived the right to enforce a covenant.

 The final argument submitted by Ellis is that Ryan purchased the property with knowledge of the covenant, and therefore, Ryan should be bound by its provisions. The granting or refusing of relief in the violation of building restrictions is a matter within the discretion of the trial court and is governed by equitable principles. *Wischmeyer v. Finch,* (1952) 231 Ind. 282, 107 N.E.2d 661. The trial court did not abuse its discretion in denying relief because of the waiver in enforcing the restrictions and because the covenant's provisions were never legally enforceable.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.