**KRUSE CLASSIC AUCTION CO., INC.,
Dean Kruse, and Carol Kruse,
Defendants-Appellants,**

v.

**AETNA CASUALTY & SURETY
COMPANY, Plaintiff-Appellee.**

No. 57A03–8612–CV–343.

Court of Appeals of Indiana,
Third District.

Aug. 12, 1987.

Rehearing Denied Oct. 28, 1987.

**327**

David A. Kruse, Kruse, Kruse & Cherry, Auburn, for defendants-appellants.

Timothy J. Walsh, Kalamaros & Associates, South Bend, for plaintiff-appellee.

GARRARD, Presiding Judge.

Dean and Carol Ann Kruse appeal the award of summary judgment issued against them in a suit by Aetna Casualty & Surety Company on an indemnification agreement signed by the Kruses as co-indemnitors.

We affirm.

*Facts*

This litigation arose from a dispute between Kruse Classic Auction Co., Inc. and the Scottsdale Conference Center in Arizona. In January of 1979 Scottsdale sued Kruse Classic Auction in Arizona after the company failed to pay for services Scottsdale provided for a classic car auction and conference in Arizona in January 1978. At Scottsdale's request the Superior Court, County of Maricopa, State of Arizona issued a writ of attachment. The Maricopa County Sheriff then attached $25,868.00 of the company's assets. In order to get the funds returned, the company and Dean Kruse and Carol Ann Kruse individually entered into a redelivery bond on replevin and indemnification agreement with Aetna in Allen County, Indiana in January 1979.

In September 1980, after a trial, the Arizona court entered a judgment for Scotts-

dale. Scottsdale then filed a claim against Aetna and Aetna paid the judgment of $50,-941.11. Scottsdale assigned its interest against Kruse Classic Auction to Aetna. The Kruses, as indemnitors, have not indemnified Aetna. In this action Aetna sought to compel the Kruses to indemnify it as required under the indemnification agreement. The Noble County Circuit Court awarded summary judgment for Aetna.

*Issues*

1. Did two blank signature lines on the indemnification agreement which were prepared for the signatures of two other individuals create a duty for Aetna to inquire whether the signatures of those individuals constituted a condition precedent to Kruses' liability under the agreement?

2. Did the lower court err in not finding a material issue of fact because it refused to consider parol evidence as to an alleged condition precedent?

*Discussion*

Initially, we note the standard of review in reviewing the granting of a motion for summary judgment is the same standard applicable at the trial court level. Summary judgment may properly be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The movant has the burden of proving that a genuine issue of material fact does not exist. Evidentiary matters are to be construed in the light most favorable to the non-movant. *Ayres v. Indian Heights Volunteer Fire Dept.* (1986), Ind., 493 N.E.2d 1229, 1234; *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 54; *Segally v. Ancerys* (1985), Ind.App., 486 N.E.2d 578, 580.

*Issue #1—Inquiry Notice*

The indemnification agreement between Aetna as indemnitee on one hand and Kruse Classic Auction as principal and the Kruses as co-indemnitors on the other hand shows, at the bottom of the document where the signatures are to be affixed, two blank lines with the typewritten names of Thomas W. and Sharon E. Barrett under-

neath. The Barretts, however, did not sign the agreement. The Kruses argue that the fact that the Barretts' names are typewritten in the signature area of the document means that Aetna was put on notice that there existed a condition precedent to the validity of the agreement. The Kruses allege the condition to be that the Barretts were to sign the agreement before it was to be valid. Appellants further argue that the failure of Aetna to inquire as to the existence of the condition precedent excuses them from their obligations under the indemnification agreement because they were never bound by the agreement. We disagree.

▮ Precedent supports our conclusion. Appellant correctly argues that when obligors are named in the body of a bond agreement or when on the face of the agreement the names of the obligors appear, and those named obligors did not sign the bond agreement, the obligee is put on notice and has a duty to inquire as to whether there exists a condition that all of the obligors must sign before any are bound. *See, e.g., Husak v. Clifford* (1913), 179 Ind. 173, 100 N.E. 466; *Hess v. Lackey* (1921), 191 Ind. 107, 132 N.E. 257; *Davis v. O'Bryant* (1899), 23 Ind.App. 376, 55 N.E. 261. We are not, however, dealing with a bond agreement, and even if we were, appellants are incorrect in their assertion that in this case Aetna was put on such inquiry notice. Nowhere in the body of the indemnification agreement is there a clause that requires that all named indemnitors must sign before the agreement is binding. The Barretts are not, in fact, ever mentioned in the body of the indemnification agreement. Neither are the Barretts mentioned on the face of the agreement. As Georgia has so

aptly decided, the face of the agreement is no different from the body, in that both cover the part of the agreement which *precedes* the signatures. *Southern Mutual Insurance Co. v. Turnley* (1897), 100 Ga. 296, 27 S.E. 975, 976; *National Ben Franklin Insurance Company v. Prather* (1962), 106 Ga.App. 311, 126 S.E.2d 834, 836. The area of the document reserved for the signature is not part of the face or the body of the agreement. The fact that two names were typed onto an agreement without more does not place the indemnitee, here Aetna, on inquiry notice.

▮ Furthermore, indemnification agreements are contracts and, as such, are governed by the law of contracts. *Bell v. Commonwealth Land Title Insurance Co., Inc.* (1986), Ind.App., 494 N.E.2d 997, 999; *State v. Daily Express, Inc.* (1984), Ind.App., 465 N.E.2d 764, 767. In situations where fewer than all the proposed parties execute the document we look to the intent of the parties as determined by the language of the contract to determine who may be liable under the agreement. It should be assumed that all the parties who sign the agreement are bound by it unless it affirmatively appears that they did not intend to be bound unless others also signed. *Parrish v. Terre Haute Savings Bank* (1982), Ind.App., 431 N.E.2d 132, 134–5; *Curtis v. Hannah* (1981), Ind.App., 414 N.E.2d 962, 964.[1] Without an express intention to the contrary, an indemnification agreement is valid against those who sign it. *Parrish, supra,* 431 N.E.2d at 135. In this case there was no express intention or affirmation in the contract that the Kruses not be bound unless the Barretts also signed. In fact, the parties agreed

1. *Curtis v. Hannah* involved a situation where not all the parties named in the contract signed the contract. In *Curtis* the First District found that the document was silent or ambiguous as to the intent of the parties. This case is different in two ways. First, unlike *Curtis,* the Barretts were not named in the contract. Second, the document here is not silent or ambiguous as to the intent of the parties. The parties intended that the indemnitors who signed the agreement should be jointly and severally liable. The silence and ambiguity arose in *Curtis* because of the fact situation in the case. *Curtis* involved a

suit to compel specific performance of a contract for the sale of land. The contract called for three tenants in common to convey land to the buyer. Only two of the three tenants in common signed the contract, despite the fact that the contract contemplated that the third person would also sign. The *Curtis* court held that summary judgment was inappropriate because the intent of the parties as to whether the contract could be for less than the full interest in the land was not clear. Here there exists no such ambiguity or silence as to the intent of the parties.

that those who signed as indemnitors would be "jointly and severally" bound. In other words, the Kruses agreed that it would be perfectly acceptable for Aetna to pursue its claims *solely* against the Kruses in the event indemnification became necessary.

### Issue #2—Extrinsic Evidence

 Dean Kruse has claimed, in an affidavit for the appellants signed on July 29, 1985, that the Kruses only signed the indemnification agreement upon the condition that the Barretts also sign it. The trial court refused to consider this extrinsic evidence and cited the parol evidence rule as authority for the refusal. The Kruses argue that the use of the parol evidence rule was a misapplication in that extrinsic evidence is admissible to show a conditional delivery of an otherwise completed contract. If appellants are correct that extrinsic evidence should have been considered, a material issue of fact could exist as to the existence of a condition precedent and summary judgment would be inappropriate. However, we find that on the present facts the trial court properly refused to consider the affidavit on the basis of the parol evidence rule. The parol evidence rule is a rule of substantive law rather than a rule of evidence. The rule prohibits both trial and appellate courts from considering oral evidence, to vary the terms or meaning of a written contract when it appears from the written instrument that both parties intended it to constitute the entire contract. *Franklin v. White* (1986), Ind., 493 N.E.2d 161, 165–66. Parol or extrinsic evidence is inadmissible to expand, vary or explain the instrument unless there has been a showing of fraud, mistake, ambiguity, illegality, duress or undue influence. *Turnpaugh v. Wolf* (1985), Ind.App., 482 N.E.2d 506, 508; *Orme v. Estate of Kruwell* (1983), Ind. App., 453 N.E.2d 355, 356. Appellants have not shown any fraud, mistake, ambiguity, illegality, duress or undue influence in this situation. The terms of the contract are clear and unambiguous. Any person who was to sign this particular contract could expect to be jointly and severally liable to Aetna for indemnification purposes.

Kruses contend, however, that parol evidence was admissible to prove a condition precedent to their liability. They rely upon *Singer Mfg. Co. v. Forsythe* (1886), 108 Ind. 334, 9 N.E. 372 and *National City Bank v. Kirk* (1922), 85 Ind.App. 120, 134 N.E. 722.

The *Singer* case is readily distinguishable. The question there was the propriety of proving what the consideration was, or that there was no consideration, for a bond which failed to recite any consideration. In addition, the court held that since the bond was necessarily collateral to some other contract which had to be ascertained in order to determine the subject matter to which the bond applied, the contract could be shown. In other words, the court in reality found that the meaning and application of the bond was ambiguous or uncertain without reference to the principal agreement being bonded. Such is not the case here.

In *Kirk* the promisor of three promissory notes was permitted to show an oral agreement, partly substantiated by a later writing, that the notes would not be negotiated and that when due they could be renewed upon payment of ten percent of the original amount of the note. In sustaining the trial court's judgment the appellate court, after finding that the assignee of the notes was not a holder in due course, did state that the parol agreement did not purport to contradict the note but only embodied conditions under which it was delivered. The court stated such conditions precedent were a proper subject of parol proof. 85 Ind.App. at 133, 134 N.E. at 777.

Kruses read the case too broadly, although this is in part due to the fact that the opinion language was not precise.

First we note that in *Kirk* there was a contention of fraud by the promisee in procuring the notes under the representations that they would not be negotiated and could be renewed upon the ten percent payment. The court additionally found the evidence admissible on that issue.

Moreover, the case of *McNight v. Parsons* (1907), 136 Iowa 390, 113 N.W. 858 relied upon in *Kirk* for the proposition advanced, was itself concerned with the proposition that failure of consideration or fraud in the inducement might be shown by parol.

Thus, the case can be reconciled upon the basis that it simply concerned fraud in inducing execution of the agreement, which is one of the traditional exceptions to the exclusion of parol evidence.[2] *Turnpaugh, supra.*

On the other hand, if *Kirk* is to be given the broad application urged by Kruses, then it is at odds with the court's decision three years earlier in *Grantham v. Hoglen* (1919), 72 Ind.App. 24, 125 N.E. 461 and the Supreme Court's decision in *Wheat v. Goss* (1923), 193 Ind. 558, 141 N.E. 311 which held that oral conditions precedent that notes would only be payable from the proceeds (respectively) of selling sand and fruit were not provable in defense of a suit upon the notes that had been given.

Here, it is not asserted (nor does the evidence support finding) that Aetna fraudulently induced Kruses into signing the agreement by representing that it would have no effect unless or until the Barretts also signed. Furthermore, to permit proof of the alleged condition would be to permit the joint and several liability provision of the written agreement to be contradicted by parol evidence.

*Kirk* has no application to the present case. The parol evidence rule barred the proof Kruses sought to present. The court, therefore, correctly granted the summary judgment.

Affirmed.

SHIELDS, P.J., and STATON, J., concur.

---

**2.** We recognize that "fraud" as used in these decisions is more liberally defined than the traditional common law requirement of a misrepresentation of a presently existing fact.